McDonald v. Rosengarten.

## Michael C. McDonald et al.
### v.
## George D. Rosengarten et al.

*Mechanic's Liens—Act to Amend Mechanic's Lien Law, Secs. 4-28—Statement of Account—Verification of—Affidavit—Trust Deed—Bill to Foreclose—Leasehold Interest.*

1. An account is verified the same as a petition or plea by making oath to the truth of the facts set forth therein.

2. The filing of a statement verified by an affidavit is essential to the creation of a mechanic's lien.

3. Such statement is required to set forth the amount due after allowing all credits, and the times when the material was furnished, or the labor performed, and a correct description of the property to be charged with the lien.

4. Such requirements are not met by stating the amount due in a lump sum, after deducting all credits, without stating any items composing the account, or showing what the credits were; and stating that the work or contract was completed at a certain time, without showing the time or times when it was commenced or performed, or the period during which the materials were furnished or the labor claimed for, rendered.

5. Provisions of law which are conditions precedent to the attachment of a lien must be strictly complied with.

### [Opinion filed December 2, 1889.]

In error to the Superior Court of Cook County; the Hon. Egbert Jamieson, Judge, presiding.

Messrs. Woolfolk & Browning, for plaintiffs in error.

Messrs. Munroe & Geer, for defendants in error.

The General Assembly required persons asserting mechanics' liens to file the claim of lien setting forth the particulars mentioned in the statute, for a purpose. That purpose was to give information to all concerned in the property sought to be charged, of the particulars which the statute requires to be stated.

" The account or claim of lien should be certain and spe-
cific as to the amount, character and value of the work and
materials furnished, and the dates when the same were fur-
nished, so as to advise the owner, other lien creditors and all
persons interested, of the particulars of the demand sought to
be enforced, and enable them, if they desire to do so, to con-
test the same." 2 Jones on Liens, Sec. 1404. In Noll v.
Swineford, 6 Pa. St. 191, it is said, upon the point now in
hand :

" As the law calls for nothing unreasonable at the hand of
him who wou'd fasten an incumbrance upon the property of his
neighbor, no just ground of complaint is afforded by insisting
upon a rigid adherence to its provisions. The information
it exacts is or ought to be entirely within the power of the
creditor to give, and an omission to put it on the record is,
therefore, without excuse. Indeed, the great object of the
statute in pointing out the characteristics of the statement to
be filed would, in the end, be utterly defeated, were we
to indulge the laxity of practice which ignorance and careless-
ness conspire to introduce and perpetuate."

In the case just cited it was held, under a statute which
required the mechanic's lien claimant to file a statement of
" the amount due, and the nature or kind of work done, or the
kind and amount of material furnished, and the time when
the materials were furnished or work done," that the state-
ment must give the amount claimed for the work and mate-
rials in distinct items, and also the time when the work was
done and the time when the materials were furnished, or the
lien would be defeated.

" The dates of the items of the claim should be so stated as
to enable parties interested to discover during what period
the labor was done and the materials furnished. The rule
requires certainty to a common intent, not precision in the
statement." 2 Jones on Liens, Sec. 1407.

When the statute requires the claim to state the time of
doing the work or furnishing the material, the claim must
give the period during which the work was done and the
materials delivered, or the lien will be defeated. Rush v.
Able, 90 Pa. St. 153; Valentine v. Rawson, 57 Iowa, 179.

McDonald v. Rosengarten.

Not one of the claims in question shows the time during which the work was done or material furnished, and every one for that reason is insufficient. The most that is shown in any case is the time when the work was completed. This is not sufficient. Lynch v. Feigle, 11 Phila. 247.

In Phillips on Mechanics' Liens, Section 359, it is said : " Where the claim must state the time when the materials were furnished or the work was done, this requirement must be complied with, otherwise the claim will be defective. It is essential to the owner of the building, the purchaser, and other lien creditors, to enable them to trace out the truth of the claim, and guard against error or imposition." It has been held that where the claim must give the time of doing the work, it was not sufficient to say it was done between two given dates. Ass. of Jersey v. Davison, 5 Dutch. 415.

" Statutes which require the filing of a true account of the work done or materials furnished necessarily imply an itemized or detailed statement of the transactions which are the foundation of the lien." 2 Jones on Liens, Sec. 1417.

Section 2133 of the Iowa code required the creditor to file a "just and true statement or account of the demand due him after allowing all credits." That is the very language of our statute. In Valentine v. Rawson, 57 Iowa, 179, it was held that the statute required the statement or account to give the items of which it consisted in detail.

In Missouri, the statute provided that the contractor should file in the office of the clerk of the Circuit Court a " just and true account of the demand due him after all credits have been given." In McWilliams v. Allan, 45 Mo. 573, and Graves v. Pierce, 53 Mo. 423, it was held that the paper filed must give each item of the account.

Without further examination of the authorities on this question it will be sufficient to cite several others which lay down the same principle. Shackelford v. Beck, 80 Va. 573; Carson v. White, 6 Gill. 17-27.

Tested by the principles sustained by the authorities cited, each claim for lien shown in the record is utterly bad and insufficient.

Counsel for plaintiffs contend that the claims for liens are aided by averments in the cross-bills and proof in support of them, and that the mechanic's lien law must receive a liberal construction in favor of the contractor. Both positions are wrong. Thus the latest author on the subject says:

"The notice or claim can not be amended after it is filed. The claim is not in the nature of an instrument in writing which a court of equity may reform in appropriate cases. It is rather a prerequisite to the maintenance of a proceeding which gives the plaintiff an extraordinary remedy, and to receive the benefit of this he must comply with the terms on which the statute affords this remedy." 2 Jones on Liens, Sec. 1455.

The Supreme Court of Illinois has uniformly denied the rule insisted upon by plaintiffs. To quote authorities on the point seems useless, but we give some of them. In Belanger v. Hersey, 90 Ill. 72, it is said:

"The statute which gives a mechanic a lien is in derogation of the common law and must receive a strict construction, and no person can obtain a lien under it unless a clear compliance is shown with the requirements of the statute."

Other cases enforce the same rule of construction. Stephens v. Holmes, 64 Ill. 336; Rothgerber v. Dupuy, 64 Ill. 452; Canisius v. Merrill, 65 Ill. 67.

MORAN, J. Defendants in error filed their bill to foreclose a trust deed upon a certain leasehold interest in a lot situate in Chicago, and made plaintiffs in error parties defendant, as parties who claimed some interest in or lien upon the premises, and alleged that such interests or claims, if any, were subject to the lien of said trust deed. Each of the ten plaintiffs in error answered and filed a cross-bill setting up a mechanic's lien upon the leasehold interest for work done and materials furnished in the erection of a building thereon. On the hearing the court denied the liens claimed and dismissed the several cross-bills, which action of the court is assigned as error.

The contracts on which the respective claims for lien were based, were original contracts with the alleged owner of the

McDonald v. Rosengarten.

leasehold, and were made in the year 1888, after the amend-
ments of the mechanic's lien law passed in 1887, were in force.
Various considerations and arguments are urged against, and
in support of the action of the court in denying the mechan-
ic's liens, and counsel have filed elaborate briefs and cited
many authorities in support of these various contentions.   We
find it unnecessary to discuss all the points made by counsel,
as we are of opinion that the action of the court must be sus-
tained on the one ground, without reference to any other, that
the plaintiffs in error failed to comply with the requirements
of the act to amend the mechanic's lien law approved May
31, 1887.   By said act, section 4 of the lien law was
amended to read as follows: "Every creditor or contractor
who wishes to avail himself of the provisions of this act shall
file with the clerk of the Circuit Court of the county in which
the building, erection, or other improvement to be charged
with the lien is situated, a just and true statement or account
or demand due him after allowing all credits, setting forth the
times when such material was furnished or labor performed,
and containing a correct description of the property to be
charged with the lien, and verified by an affidavit.   Any per-
son having filed a claim for a lien as provided in this section,
may bring a suit at once to enforce the same by bill or peti-
tion in any court of competent jurisdiction in the county
where the claim for a lien has been filed."

Section 28 as amended is as follows: "No creditor shall be
allowed to enforce a lien created under the provision of this
act as against or to the prejudice of any other creditor or
incumbrancer or purchaser, unless a claim for a lien shall
have been filed with the clerk of the Circuit Court, as pro-
vided in section four of this act, within four months after
the last payment shall have become due and payable.   Suit
shall be commenced within two years after filing such claim
with the clerk of the Circuit Court, or the lien shall be
vacated."

Plaintiffs in error attempted to comply with the require-
ments of section 4, by filing with the clerk statements which
are all substantially alike, which give no items of the labor

or materials, do not set forth the times when the materials were furnished or the labor performed, except that in some of the statements of claim, speaking of the performance of the particular contract or work for which the claim is made, it is stated that it was done or completed on or about May 25, 1888.

We think it at least doubtful whether such a statement of claim is a compliance with the statute.

The phraseology of section 4 is rendered inapt, clumsy and somewhat uncertain by the use of the conjunction " or " between the words " account " and " demand," and there is force in the suggestion of counsel for defendants in error that the true sense is rendered by rejecting said " or " and inserting in its place the words " of the," so that the phrase would read " a just and true statement or account of the demand due him." However that may be, it is clear that the document to be filed with the clerk, whether it be called a statement, an account, or a demand, is required to set forth the amount due after allowing all credits, and the times when the material was furnished or the labor performed, and a correct description of the property to be charged with the lien.    These requirements are certainly not met by stating the amount due in a lump sum, after deducting all credits, without stating any items composing the account, or showing what the credits were; and stating that the work or contract was completed at a certain time, without showing the time or times when it was commenced, or performed, or the period during which the materials were furnished or the labor claimed for rendered.

.The statute requires the statement of something more than the amount due after allowing all just credits.    What is called for is a statement or account of the claim or demand, just and true; that is, amounts, dates and periods.    Similar provisions in the statutes of other States have been construed to require itemized and detailed statements of the transactions on which the claim for lien is based.    See 2 Jones on Liens, Sec. 1417, and Phillips on Mechanics' Liens, Sec. 349, and cases cited by those authors.

It is contended by counsel for plaintiffs in error that the

McDonald v. Rosengarten.

statute is to be liberally construed to effect its purpose in securing the lien provided for. The rule generally announced is that the law, giving, as it does, an extraordinary remedy to one class of persons, is to be strictly construed. Belanger v. Hersey, 90 Ill. 70; Stephens v. Holmes, 64 Ill. 334. Of course no construction is to be adopted which tends to defeat the object of the statute, but provisions of the law which are conditions precedent to the attachment of any lien, must be strictly complied with, and where the statute requires the giving of a notice of the filing of the statement and the characteristics of such notice or statements are specified in the statute, to hold that a notice or statement not setting forth the matters required was sufficient, would be to defeat the object of the law.

The statement or account which is to be filed is required to be verified by affidavit. None of the statements or accounts filed by the plaintiffs in error were *verified* by affidavit. Each claimant attached to the claim filed, an affidavit stating that he performed the labor and furnished the materials set forth in the above named statement of claim, and that there is now due him for said labor and materials, after allowing all credits and set-offs, the sum of (stating the amount claimed) which affiant charges and alleges is a lien upon the said above described premises. Such an affidavit is not, and does not purport to be a verification of the statement of accounts. To verify an account is the same as to verify a petition or a plea, and that is always done by making oath to the truth of the statement of the facts as set forth in the petition or plea.

The filing of a statement *verified* by an affidavit is essential to the creation of the lien. The statements, even if they would pass in other respects, were all fatally defective in this. Phillips on Mechanics' Liens, Sec. 366; Conklin v. Wood, 3 E. D. Smith, 662.

We rest the affirmance of the decrees dismissing the cross-bills especially on this ground of lack of verification of the statements.

*Decrees affirmed.*