THE A. R. BECK LUMBER COMPANY

v.

EDWARD A. HALSEY.

*Trust Deeds—Foreclosure—Mechanic's Lien—Verified Statement— Secs. 4 and 35, Chap. 82, R. S.*

1. The filing of a statement as required by Sec. 4, Chap. 82, R. S., is a condition precedent to the right to a lien, and a failure to comply with the requirements of the statute in that respect prohibits the enforcement of the lien.

2. In the case presented, this court holds that the affidavit filed is not a sufficient verification of the statement of account or claim.

[Opinion filed July 30, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. YOUNG & MAKEEL, for appellant.

Mr. JOHN A. RYERSON, for appellee.

MORAN, P. J. Appellee filed a bill to foreclose a trust deed on a lot therein described, and made appellant a defendant. Appellant filed a cross-bill to enforce a mechanic's lien for material furnished to the owner of the lot, and used in a building erected thereon.

Appellee answered the cross-bill, and the matter was referred to the master, who reported against appellant's right to a lien, which report was confirmed by the court, and a decree entered dismissing the cross-bill. Two grounds are urged by appellee as sustaining the decree that appellant is not entitled to a lien:

1st. That it failed to file a verified statement of account or demand as required by Sec. 4, Chap. 82, R. S.

2d. That no statement to the owner was made as prescribed in Sec. 35, Chap. 82, R. S.

Appellant's counsel has argued elaborately that the second objection is not good to prevent appellant from having a lien, under the circumstances of this case. Whether this contention is correct or not, we are not disposed to consider, as we regard the first objection as fatal to appellant's claim of lien.

The only verification of appellant's statement of account or demand, filed with the clerk of the Circuit Court, was the following affidavit, which was appended thereto:

"William McLaren, being duly sworn, upon oath says, that he is an employe and agent of the above mentioned A. R. Beck Lumber Co., and has been such agent for a number of years last past; that he, as the agent of said company, sold to said George M. Harper the materials mentioned in the above statement, and that the said balance of $113.77 above set forth, is now due said company on account of materials so furnished for the building situate upon said premises hereinbefore described."

This affidavit is identical in its substantial statements with

the one considered by the Supreme Court in McDonald v. Rosengarten, 134 Ill. 126, and by this court in same case reported in 35 Ill. App. 71, and is subject to the same criticisms. It is no verification of the statement of account or claim. The filing of such a statement of account or demand verified, is a condition precedent to the right to a lien, and a failure to comply with the requirements of the statute in that respect prohibits the enforcement of the lien.

The decree dismissing the cross-bill for a lien was correct, and must be affirmed.

*Decree affirmed.*