## MANUEL H. BOALS

## v.

## JOHN H. INTRUP.

*Mechanic's Liens—Verified Statement—Liens, Secs. 4 and 28, R. S. 1887.*

1. Secs. 4 and 28, as amended, of the act relating to Liens, being construed together, do not obviate the necessity of filing the verified statement provided for in Sec. 4.

2. A petition for a mechanic's lien failing to aver the filing of such statement is fatally defective.

[Opinion filed September 11, 1891.]

APPEAL from the Circuit Court of Madison County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. WISE & DAVIS, for appellant.

Messrs. McNULTY & BAKER, for appellee.

PHILLIPS, P. J. Appellant filed his petition for mechanic's lien against appellee, to which a demurrer was sustained. From the judgment of the court on that demurrer the appellant prosecutes this appeal. The only question presented by this record is whether, in a petition for a mechanic's lien by the contractor against the lot owner, it is necessary to allege in the petition that petitioner has filed a verified statement of his claim with the clerk of the Circuit Court of the county in which the building, erection, or other improvement to be charged with the lien, is situated, there being no other creditors by mortgage or judgment. Sec. 4 of the act entitled Liens, as amended by the act of 1887, is as follows : "Every creditor or contractor who wishes to avail himself of the provisions of this act, shall file with the clerk of the Circuit Court of the county in which the building, erection or other improvement is situated, a just and true statement or account or demand due him after allowing all credits, setting forth the time when such material was furnished or labor per-

Boals v. Intrup.

formed, and containing a correct description of the property
to be charged with the lien, and verified by an affidavit. Any
person having filed a claim for a lien as provided in this sec-
tion, may bring a suit at once to enforce the same by bill or
petition in any court of competent jurisdiction in the county
where the claim for a lien has been filed."

In Belanger et al. v. Hersey et al., 90 Ill. 70, it was said by
the Supreme Court of this State: " The statute which
gives a mechanic's lien is in derogation of the common law
and must receive a strict construction, and no person can
obtain a lien under it unless a clear compliance is shown with
the requirements of the statute." By the express provisions
of Sec. 4 above, every creditor or contractor who wishes to
avail himself of the provisions of that act, entitled Liens, must
file the verified statement provided for in that section, as a
condition precedent to the enforcement of the lien. It is
urged, however, that Sec. 4 above, should be construed with
Sec 28, as amended by the act of 1887, and it is insisted that
on being so construed, the right to a lien or to enforce the
same was not intended to be abridged except as to other
creditors and purchasers.

Sec. 28 as amended is as follows : " No creditor shall be
allowed to enforce a lien created under the provisions of this
act as against or to the prejudice of any other creditor or in-
cumbrancer or purchaser unless a claim for a lien shall have
been filed with the clerk of the Circuit Court as provided by
Sec. 4 of this act, within four months after the last payment
shall have become due and payable. Suit shall be commenced
in two years after filing such claim with the clerk of the Cir-
cuit Court or the lien shall be vacated." By Sec. 28 as it
stood before the passage of the amendatory act, a creditor was
not allowed to enforce his lien as against or to the prejudice
of any other incumbrancer unless suit was instituted within
six months after the last payment became due. It was a lim-
itation as to the time within which suit should be brought.

As amended, it requires a compliance with Sec. 4 in filing
the verified statement, and when filed within four months
after the last payment becomes due, the limitation as to the

commencement of the suit is two years after such claim is filed. These sections being construed together do not obviate the necessity of filing the verified statement provided for in Sec. 4. The petition in this case failing to aver the filing of that statement was fatally defective and the demurrer was properly sustained. McDonald et al. v. Rosengarten et al., 35 Ill. App. 71. The judgment is affirmed.

*Judgment affirmed.*