HUGH HUGHES

v.

ALBERT RUSSELL.

*Mechanics' Liens—Sec. 35, Chap. 32, R. S.—Amendment of July 1, 1891—Notice of Claim.*

1. Parties have no vested right in a remedy provided by law, and the legislature may properly change the mode of enforcing rights, and the new law will govern as to proceedings instituted after it goes into effect, no matter when the rights sought to be enforced accrued. But the law in force at the time that rights accrue is the law that measures and limits such rights.

2. In the case presented, this court holds that the plaintiff's right to his judgment in the court below is clear under Sec. 35, Chap. 32, R. S., in force when his action accrued, and declines to interfere therewith.

[Opinion filed December 7, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

This case was tried in the Superior Court on an agreed statement of facts as follows:

Hugh Hughes is the owner of the premises on the southwest corner of Monroe street and California avenue, Chicago, Cook County, Illinois.

In the spring and summer of 1891, and while still the owner thereof, Hughes built a three-story building on said premises. Hughes made a verbal contract with the defendants, Owen Brothers, to furnish material, and do the lathing and plastering on said building, for the sum of $900, payment to be made as the work progressed.

Albert Russell, plaintiff in this suit, furnished to said Owen Brothers laths for the construction of said building, to the amount of $162.40, on a verbal contract, which laths were used in said building, and were delivered on the 11th, 12th and 15th days of May, 1891.    There was no contract in writing between Owen Brothers and the plaintiff, Albert Russell. The amount of the bill for said laths, $162.40, was due the plaintiff, Russell, on June 1, 1891, and no part of the same has ever been paid.

On June 13, 1891, a notice was served by the plaintiff, Albert Russell, on Hughes, of which the following is a copy:

" To HUGHES, OWNER, OR AGENT OF OWNER:

You are hereby notified that I have been employed by Owen Brothers to furnish material, lath, upon your building, described as follows : On the southwest corner of Monroe street and California avenue, city of Chicago, county of Cook, State of Illinois; and that I shall hold the building, and your interest in the grounds, liable for the amount that is due me on account thereof.

Dated this 13th day of June, A. D. 1891.

(Signed)    ALBERT RUSSELL."

At different times, and as the work progressed, Hughes, on orders of Owen Brothers, paid the workmen on the job, and also paid Owen Brothers several amounts.

The last payment so made by Hughes was on June 6, 1891 , and at that date the total amount of payment was $835.23, leaving a balance of $64.77 due Owen Brothers on the contract, when they completed the work, which they did on the 12th day of June, 1891.    No contractor's sworn statement was ever requested by the owner, Hughes, nor given by the contractors, Owen Brothers.

June 23, 1891, Hughes was served with a notice, of which the following is a copy :

" To HUGH HUGHES, ESQ.:

You are hereby notified that we have furnished materials, to wit: Forty-five loads of building sand, which has been used on or for your house or building, described as follows: The building known as numbers 125, 127 and 129 South Cal-

ifornia avenue, in Chicago, Illinois, said material having been
furnished to Owen Brothers, your contractors, for the erection
of said buildings, and that we shall hold the house, building
and your interest in the ground liable for $74.25, the price
of the materials furnished.

Dated this 23d day of June, A. D. 1891.

(Signed)   THE GARDEN CITY SAND CO.
By C. B. Shefler, Pres."

Under this notice, September 2, 1891, suit was brought by
the Garden City Sand Co. against Hughes and Owen
Brothers, and on September 11, 1891, judgment was rendered
therein against the defendants for $64.77.

August 6, 1891, suit was brought by Russell, before a jus-
tice of the peace, against Hughes and Owen Brothers;
Hughes was duly served with process, but Owen Brothers
were not served and were not in court. Hughes, in open
court, after trial commenced and before judgment was ren-
dered, offered to pay to Russell his *pro rata* share of the
$64.77, still due Owen Brothers, on account of their contract.

A judgment was rendered against Hughes for $162.40 and
costs, from which judgment an appeal was taken to this court.

On the trial in the Superior Court judgment was rendered
against appellant for the same amount as rendered by the
justice, and to review said judgment this appeal is prose-
cuted.

Mr. E. A. ABORN, for appellant.

Messrs. WALLACE HECKMAN and J. G. ELSDON, for appellee.

MORAN, J.   By the terms of Sec. 35, Chap. 32, R. S., relat-
ing to mechanics' liens, as it stood prior to the amendment
which went into force July 1, 1891, the original contractor,·
whenever he desired to draw any money on the contract, was
required to make out and give to the owner, or his agent, a
statement, under oath, of the name of every sub-contractor,
mechanic, or workman in his employ, or person furnishing
material, and how much, if anything, is due or to become due
to them or any of them; and the owner was to retain out of

money due or to become due to the contractor, an amount sufficient to pay all demands due such sub-contractor, mechanic, etc., and pay the same to them according to their respective rights, and payments so made were to be considered the same as if paid to said original contractor. Said section provided that "any payment made by the owner before such statement is made, or without retaining sufficient money if that amount be due, or is to become due, to pay the sub-contractors, mechanics, workmen or persons furnishing materials, as shown by the statement, shall be considered illegal, and made in violation of the rights of persons intended to be benefited by this act; and the rights of such sub-contractors, mechanics, workmen or persons furnishing material to a lien shall not be affected thereby."

The statement of facts shows that appellant had paid something over $800 to the contractor without requiring such statement, and that he did not retain sufficient money in his hands to pay appellee's claim. Such payment to the contractors was then illegal, and appellee's rights were not affected thereby. He gave notice of his claim in accordance with the statute, and took all steps necessary to the maintenance of his action against appellant and the original contractor. Conklin v. Plant, 34 Ill. App. 264; Butler v. Gain, 128 Ill. 23.

It is contended, however, that as this suit was not commenced till after July, 1891, when amended Sec. 35 went into effect, said amended section governs as to the rights of the parties. The amendment of Sec. 35 was in a particular affecting the rights of parties in their duties and relations to each other under the law, and not in a matter affecting the remedy.

Parties have no vested right in a remedy provided by law, and hence the legislature may properly change the mode of enforcing rights, and the new law will govern as to proceedings instituted after it goes into effect, no matter when the rights sought to be enforced accrued. Turney v. Saunders, 4 Scam. 527; Barton v. Steinmitz, 37 Ill. App. 141; Templeton v. Horne, 82 Ill. 491. But the law in force at the time that

rights accrue is the law that measures and limits such rights. The work was performed in this case, and the notice given before any change in the law. The lien was then fixed and the right of action complete. By the law as it then stood the rights and duties of the respective parties are to be ascertained.

Appellee's right to his judgment is clear under the statute in force when his action accrued, and the court committed no error in deciding in his favor.

The judgment of the Superior Court will therefore be affirmed.

*Judgment affirmed.*