Berndt v. Armknecht.

## Berndt et al. v. Armknecht et al.

1.  Mechanics' Lien—*Statement.*—Whether; under Sec. 4, of Ch. 82, R. S., entitled "Liens," a statement of the claim for a lien was, or was not filed, is immaterial where the claim is against the owners of the premises. The purpose of the statement is to give notice to third persons.

2.  Parties—*Defect of, etc.*—A defect of parties can not be urged for the first time in the Appellate Court.

3.  Mechanics' Liens—*What Law Governs.*—Non-compliance with Sec. 35, Ch. 82, R. S., entitled "Liens," since the amendment of June 22, 1891, only results in a penalty; the conditions for enforcing a lien are governed by the law in force when the petition is filed.

4.  Mechanics' Lien—*Description of Premises.*—The contracts were for doing work upon two three-story, and three two-story houses, upon lots 24 and 25, on the southeast corner of certain streets. *It was held* not to be an unfair inference that the two lots joined, that the five houses compose a block joined together, and that the line between the lots has, in effect, been obliterated.

**Memorandum.**—Mechanics' lien. In the Circuit Court of Cook County; the Hon. Oliver H. Horton, Judge, presiding. Petition for a lien; decree *pro confesso;* appeal by defendants. Heard in this court at the March term, 1893, and affirmed. Opinion filed April 12, 1893.

The opinion states the case.

Weigley, Bulkley & Gray, attorneys for appellants.

Hervey H. Anderson, attorney for appellees.

Opinion of the Court, Gary, P. J.

This writ of error is prosecuted to reverse decrees for mechanics' liens. Three persons, not parties here, were made

defendants below, two of whom answered setting up mortgages against the plaintiffs in error, and the other demurred, and the petitions were dismissed as to those three. The plaintiffs in error, being sued as owners of the premises, made no defense, and the petitions as to them were taken as confessed.

It is now urged as error that there is a defect of parties, because those mortgages were dismissed. That objection can not be, for the first time, made here. Portoues v. Badenoch, 132 Ill. 377.

Whether Sec. 4, as to filing a claim for a lien, was complied with, is not material, as that claim is only to give notice to third persons. Sec. 28.

We can not concur with the Fourth District in Boals v. Intrup, 40 Ill. App. 62. McDonald v. Rosengarten, 35 Ill. App. 71, there cited, was a case where an incumbrancer was interested; so in Beck v. Halsey, 41 Ill. App. 349. In principle, the case is like Van Pelt v. Dunford, 58 Ill. 145, though the latter case was upon clearer provisions.

Non-compliance with Sec. 35, since the amendment of June 22, 1891, only results in a penalty; the conditions for enforcing a lien are governed by the law in force when the petition is filed. Hughes v. Russell, 43 Ill. App. 430.

While the contracts were made, and most, if not all, of the work done before the amendment of the law, the petition was not filed until January, 1892. The same amendment confers a right to a lien for part performance, when the owner fails to perform on his part. Geary v. Bangs, 33 Ill. App. 582, is no longer authority.

We have some hesitation upon one point.

The contracts were for doing work upon two three-story and three two-story houses upon lots 24 and 25, on the southeast corner of certain streets. It is not an unfair inference that the two lots joined; that the five houses compose a block joined together, and that the line between the lots has, in effect, been obliterated, so that the rule laid down in James v. Hambleton, 42 Ill. 308, is applicable.

There, a decree against an entire block of twelve buildings,

covering all the lots of a whole block, all compact as one building, and under one roof, was held to be right. The continuity of the roof upon one level, is not essential to the singleness of the structure. `

In National Stock Yards v. O'Reilly, 85 Ill. 546, an entire decree against four hundred acres for building a hotel under one contract, and a bank building under another, was sustained; a much more difficult matter than to sustain this decree.

The decrees are right, and should be affirmed.