## Orr & Lockett Hardware Co. v. Needham Company et al.

1. Pleading—*Allegations of Ownership.*—An allegation in a petition for a mechanics' lien, where parties other than the owner of the premises are made defendants, that such parties "have or claim some inter-

51 57
50 513

51 57
58 418

51 57
62 154

est " in the premises, is not an admission that they have any interest; the burden is upon them to show their interest.

2. MECHANICS' LIEN—*Merchants Furnishing Materials.*—Section 35 of the lien law (Chap. 82, R. S.) requiring the original contractor to furnish a statement of the number of persons in his employ, etc., whether as amended June 22, 1891, or before being amended, has, and had, no reference to a merchant supplying materials. So where a corporation supplying steel beams for a modern building claims a lien, it is not necessary for it to copy its pay roll of thousands of employes in a statement, and give it to the owner of the building.

3. MECHANICS' LIEN—*Statement Under Section 4.*—A compliance with section 4 of the lien act (Chap. 82, R. S.) providing for the filing of a statement in the office of the circuit clerk is not necessary except for the protection of creditors, incumbrancers or purchasers, named in section 28.

**Memorandum.**—In chancery. In the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Appeal from a decree sustaining a demurrer to petition for a mechanics' lien and dismissing the same for want of equity. Heard in this court at the March term, 1893. Reversed and remanded. Opinion filed July 12, 1893.

The opinion states the case.

APPELLANT'S BRIEF, H. C. BENNETT AND W. A. PHELPS, ATTORNEYS.

We think it clear that section 35 of the lien act can not bear any such construction; besides, the Appellate Court in Maxwell v. Koeritz, 35 Ill. App. 300, in discussing the meaning of the word " creditor " as used in section 4, and whether it applies to sub-contractors, uses the following significant words :

" The word creditor, as used here, is somewhat ambiguous. It might be used to describe a sub-contractor, or it might mean one who has agreed with the owner of the premises to furnish material only, without performing any labor on the improvement; one who sells building materials, but does nothing else toward the erection of the improvement, is commonly regarded as a merchant or dealer, and not as a contractor."

The statement of lien filed with the clerk, under section 4, is good.

The sufficiency of such a statement must necessarily speak

Orr & Lockett Hardware Co. v. Needham Co.

for itself. There is no prescribed form; the test ought to be, does it fairly give notice to the public and to persons dealing with the property, that there is a claim of lien on the property, giving name of the claimant, items of material furnished, dates when furnished, amount claimed, description of the property, names of the owners, and duly verified. It would seem that such a statement ought to be held good and sufficient, and while material and mechanics' lien claims are strictly construed, they should not receive such a technical scrutiny as to defeat or destroy the remedy intended. Stout v. Sower, 22 Ill. App. 65.

Appellee's Brief, Hiram Holbrook Rose, Attorney.

A petition for a mechanics' lien by an original contractor can not be sustained unless he has complied with the provisions of the lien law. Curran v. Smith, 37 Ill. App. 69; Barton v. Steinmitz, 37 Ill. App. 141; Floyd v. Rathledge, 41 Ill. App. 370.

It is immaterial that this proceeding is between the contractor and the owner only; the statute declared that the contractor should have no right of action or lien until the statement provided for should be filed. A mere failure to call for such a statement can not be considered as a waiver of an obligation resting upon the contractor and an imperative requirement for a right of action. Burnside v. O'Hara, 35 Ill. App. 150; Bonheim v. Meany, 43 Ill. App. 533; Wieska v. Imroth, 43 Ill. App. 357.

Mr. Justice Gary delivered the opinion of the Court.

This is an appeal from the decree of the Circuit Court, sustaining a demurrer to, and dismissing for want of equity, a petition for a mechanics' lien filed by the appellant against the appellees.

The Needham Company is sued as owner, with whom the contract was made, and the only showing of any interest in the premises by the other appellees, is the averment in the petition that they "have or claim some interest." Such an averment is no admission that in fact they have any interest; the burden is upon them to show it.

Section 35 of the lien act, whether as amended June 22, 1891, or before being amended, has and had no reference to a merchant, as in this case, supplying materials only. If a corporation supplying steel beams for a modern building claim a lien, can it be necessary for the corporation to copy its pay roll of thousands of employes in a statement, and give it to the owner of the building? The manifest object of that section is only that the owner may have notice of all persons who might themselves assert a lien.

That the statement or claim filed in the attempted compliance with section 4 is not good, may be conceded, but as no compliance with section 4 is necessary, except for the protection of persons named in section 28, the question of its sufficiency does not arise until it appears that there are such persons. The subject has been recently discussed here in Moore v. Parrish, 50 Ill. 233.

The appellees make no other question as to the right of the appellant to a lien, than neglect to comply with sections 4 and 35, and upon that, on the facts now shown, they are wrong.

The decree is therefore reversed and the cause remanded.