## John Whitlow v. Newton Champlin.

1. Mechanics' Liens.—*Proceedings to Enforce.*—The proceeding to enforce a mechanic's lien is statutory and the provisions of the statute must be complied with in order to give the court jurisdiction.

2. Mechanics' Lien—*Filing Statement in the Office of the Circuit*

Whitlow v. Champlin.

*Clerk.*—The filing of the statement in the office of the circuit clerk as required by Sec. 4 of Ch. 82, R. S. entitled "Liens," is a prerequisite to the right to file a petition to enforce the lien, and necessary to give the court jurisdiction.

**Memorandum.**—Mechanic's lien. Appeal from the Circuit Court of Marion County; the HON. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1893. Reversed and remanded. Opinion filed March 23, 1894.

## STATEMENT OF THE CASE.

The appellee contracted with appellant for the construction of a dwelling house on the latter's premises. He furnished the labor and material necessary for that purpose. Not being paid therefor, he filed a petition to enforce his lien under the mechanic's lien law. The defense interposed is: 1. A failure to comply with the contract in workmanship and in the kind of material furnished. 2. That appellee failed to file with the clerk of the Circuit Court of the county in which the dwelling house was situated, any statement of account, etc., verified by affidavit, as required by the amendatory act of 1887. The latter point alone is presented for our consideration. No separate statement of account, as provided by section 4, was filed with the circuit clerk prior to the time of filing the petition.

The petition was filed in the Circuit Court on the 7th day of October, 1892, to which were attached exhibits "A." and "B."

Exhibit "A." is "copy of specifications for J. M. Whitlow's house, 18x26; main building 16x22; add. main building, roof ⅛ pitch; porch, 16 feet; ceiling, 9 feet down stairs; addition, 9 foot ceiling, etc." Exhibit "B" is "Extras ordered by J. M. Whitlow."

At the conclusion of exhibit B is the following:

State of Illinois, ⎞
Marion County. ⎠ ss.

Newton Champlin, being duly sworn, deposes and says on oath, that the foregoing statement of his account is true and correct, and that the sum of $711.83

is still due him after allowing all credits from John Whitlow, on account of carpenter work, building and furnishing material under original contract, and also for extra material and work mentioned in the above account.

NEWTON CHAMPLIN.

Subscribed and sworn to before me this 6th day of October, 1892.                          T. P. MEAGHER,

Circuit Clerk.

Exhibit A has no date. At the conclusion of the specifications is the following: " $618.15 to be paid, cash, when completed. One or two hundred dollars to be advanced if desired."

Exhibit B contains the itemized value of the material furnished and of the work done, but gives no dates.

Neither exhibit contains a description of the property to be charged with the lien. The petition itself sets out the contract, its date, terms, etc., the description of the property, alleging a compliance with the contract, the furnishing of extras, etc.

APPELLANT'S BRIEF, H. C. GOODNOW AND L. M. KAGY, ATTORNEYS.

The statute which gives a mechanic's lien is in derogation of the common law and must receive a strict construction. No person can obtain a lien under it, unless a clear compliance is shown with all the requirements of the statute. Belanger et al. v. Hersey et al., 90 Ill. 71; Butler & McCracken v. Gain, 128 Ill. 27.

Mechanics' liens are entirely the creation of statute and are controlled absolutely by the provisions, requirements and conditions of the law which creates them. Swift v. Martin, 20 Ill. App., 515.

The filing of a statement of account or demand verified, is a condition precedent to the right to a lien, and a failure to comply with the requirements of the statute in that respect prohibits the enforcement of the lien. This verified statement filed with the clerk of the Circuit Court, is

jurisdictional. McDonald v. Rosengarten, 35 Ill. App. 71; McDonald v. Rosengarten, 134 Ill. 126; A. R. Beck Lumber Co. v. Halsey, 41 Ill. App. 349.

T. E. MERRITT, attorney for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The section referred to in the statement provides that "Every creditor or contractor who wishes to avail himself of the provisions of this act, shall file with the clerk of the Circuit Court of the county in which the building * * * is situated, (1) a just and true statement of account or demand due him after allowing all credits, (2) setting forth the times when such material was furnished or labor performed, (3) containing a correct description of the property to be charged with the lien, (4) and verified by an affidavit.

Any person *having* filed a claim for a lien *as* provided in this section, may bring a suit at once to enforce the same by bill or petition in any court of competent jurisdiction in the county where the claim for a lien has been filed."

The proceeding to enforce a mechanic's lien is statutory, and as frequently decided, the provisions of the statute must be complied with in order to give the court jurisdiction. Butler et al. v. Gain, 128 Ill. 23, and cases there cited. The position of the appellee is, that the filing of the petition with the exhibits attached, sworn to, is a compliance with the statute, and that it is not necessary to file a separate claim prior to the filing of the petition. In view of the decisions of the court, as well as the language of the section referred to, we are constrained to take a different view and hold that the filing of such claim in compliance with said section is a prerequisite to the right to file a petition to enforce the lien or to give the court jurisdiction.

The section is very explicit in providing that if the "creditor or contractor *wishes* to *avail himself* of the provisions of the act, he *shall* file with the clerk a just and true statement of account," etc. Then it further provides, as if to

leave no doubt of the purpose of the legislature, " Any person *having filed* a claim for a lien  *   *   *   may bring a suit at once."

Clearly by this language the bringing of the suit must be preceded by filing a claim " as provided in this section."

It has been contended, however, that sections 4 and 28 should be construed together, as, in effect, one section, in which case it is insisted the filing of a claim with the clerk of the Circuit Court is only required as to other creditors, incumbrancers or purchasers.

There is much force in this construction, if it is assumed the purpose of the requirement was merely to protect the interest of third parties, as creditors, incumbrancers, or purchasers. But evidently the legislature intended by Sec. 4, to make such provision apply for the benefit of the owner as well. By this requirement the owner is furnished with definite information of the extent and particular character of the claim, which can not be shifted, changed or enlarged; in other respects the requirements may also be beneficial to the owner. Had it been intended to apply solely to third parties, and to the exclusion of the owner of the property, different language would have been used.

To exclude owners from the benefit of the provisions of section 4 by construction, would apparently be doing violence to the plain meaning of words.

This court in the case of Boals v. Dutrup, 40 Ill. App. 62, said with reference to Secs. 4 and 28 : " These sections being construed together do not obviate the necessity of filing the verified statement provided for in Sec. 4." In the case of Campbell v. Jacobson et al., 145 Ill. 389, it is said, with reference to the effect of Sec. 28 on Sec. 4, that " It has not the effect of dispensing with the filing of the claim, where the lien is sought to be enforced only against the owner of the premises." " There is nothing giving countenance to that view in the language of section 4, its provisions being, that *every creditor* or *contractor* wishing to avail himself of the provisions of the statute should file the statement." The decree is reversed and the cause remanded.