# Frank E. Brady et al. v. The Pearson Lumber Company.

1. MECHANICS' LIENS — *Compliance with Section 4.*— The law of this State is settled that as against the owner of the premises, as well as all others, a compliance with section 4 of the mechanic's lien law is indispensable to the existence of the lien.

2. DECREES— *When the Bill Contains No Cause of Action.*—No neglect below by a party to a suit will validate a decree against him, when the complainant or petitioner shows by his own pleadings that he has no cause of action.

3. APPELLATE COURT PRACTICE—*Strangers to the Record.*—Under a joinder of error, or since the statute has dispensed with such joinder, upon briefs upon the merits, the court can not notice, upon the application of a stranger, a state of facts verified by affidavit which might have been the basis of pleas in bar to the writ.

Mechanics' Liens.—Error in the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded, with directions. Opinion filed April 22, 1895.

MORAN, KRAUS & MAYER, attorneys for plaintiffs in error.

WM. J. AMMEN, attorney for Warren Springer.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

On an application by a stranger to this record, a state of facts is verified by affidavit, which perhaps might have been the basis of pleas in bar of this writ, but which we can not notice under a joinder in error, or since the statute has dispensed with such joinder, upon briefs upon the merits.

The suit is to enforce a mechanic's lien against Brady as owner of, and, among others, the plaintiff in error L. Romeyn Giddings, as claiming an interest in, premises described. The petition shows affirmatively that no lien existed, because there had been no compliance with Sec. 4 of the Lien Act.

The statement filed was almost literally the same as was

held, both by this court and the Supreme Court, insufficient in McDonald v. Rosengarten, 35 Ill. App. 71, 134 Ill. 126. And contrary to our opinion (see Orr v. Needham, 51 Ill. App., and case cited there) the law of this State is settled that against the owner, as well as others, a compliance with Sec. 4 is indispensable. Campbell v. Jacobson, 145 Ill. 389; McIntosh v. Schroeder, 39 N. E. Rep. 478.

No neglect below by a party to a cause will validate against him a decree when the complainant or petitioner shows, by his own pleadings, that he has no case. Eberstein v. Willets, 134 Ill. 101.

We need not notice any other point, but reverse the decree, and remand the cause with directions to the Circuit Court to dismiss the bill.