## Orr & Lockett Hardware Co. v. Needham Co. et al.

1. MECHANICS' LIENS—*Requisites of the Statement.*—Section 4 of chapter 82, R. S., entitled " Liens," as amended by the act in force July 1, 1887, requires that there be filed a just and true statement, verified by affidavit, setting forth, among other things, the times when the material was furnished or labor performed. A statement lacking in these essentials is insufficient.

Mechanics' Liens.—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

H. C. BENNETT and W. A. PHELPS, attorneys for appellant.

HIRAM HOLBROOK ROSE, attorney for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was a petition for a mechanic's lien.

The account filed with the clerk of the Circuit Court, and the verification thereof, were as follows:

"STATE OF ILLINOIS, } ss.
   County of Cook.    }

In the Circuit Court of said county.

William H. Edwards, secretary of the Orr & Lockett Hardware Company, a corporation organized and doing business under the laws of Illinois, for and on behalf of said corporation, dealers in builders' hardware, etc., makes the following as a true and just statement of account due it, after allowing all credits and set-offs for builders' hardware furnished by the said Orr & Lockett Hardware Company, and the said company by William H. Edwards, its secretary, hereby states that the itemized account hereto attached and made a part hereof, truly and correctly sets forth the materials, consisting of builders' hardware so furnished and the dates when furnished, and that there is now due the said Orr & Lockett Hardware Company, on account of said build-

ers' hardware so furnished as aforesaid and used in and upon the real estate and buildings hereinafter described, the sum or $613.60.

The following is a correct description of the real estate and buildings and property to be charged with the lien provided for by the statute, and the names of the owners thereof, to wit:  *   *.  *

Orr & Lockett Hardware Company,

By William H. Edwards, Secretary.

State of Illinois, } ss. William H. Edwards, being first
County of Cook. } duly sworn, on oath says that the above and foregoing statement of account by him subscribed, contains a full and true statement of builders' hardware furnished by the said Orr & Lockett Hardware Company, for and were used in and upon the lots, real estate and buildings therein described, and that there is due and unpaid for, on account thereof, to said Orr & Lockett Hardware Company the sum of $613.60.

William H. Edwards.

Subscribed and sworn to before me this 21st day of July, A. D. 1890.

W. A. Phelps,

Notary Public.

The statute, Sec. 4, of Chap. 82, R. S., as amended by act in force July 1, 1887, makes it incumbent that there be filed a just and true statement, verified by affidavit, setting forth, among other things, the times when "such material was furnished or labor performed."

The verification of the account by appellant fails to set forth that the statement of account is true, in respect to the time or times when the material was furnished; the affidavit in this regard is only that the statement of account " contains a full and true statement of builders' hardware furnished," etc. This is not in compliance with the statute. Beck Lumber Co. v. Halsey, 41 Ill. App. 349; McDonald v. Rosengarten, 35 Ill. App. 71; McDonald v. Rosengarten, 134 Ill. 126; Campbell v. Jacobson, 145 Ill. 389.

The opinion of this court set forth in Orr & Lockett Hardware Co. v. Needham Co. et al., 51 Ill. App. 57, as to the necessity for filing such account when the proceeding is against the owner only, has been disapproved, and the rule announced that Sec. 4 of the statute applies to proceedings against owners as well as others. Campbell v. Jacobson, 145 Ill. 389; Brady v. Pearson Lumber Co., 58 Ill. App. 417.

The decree of the Circuit Court, dismissing the petition, is affirmed.