Hubbard v. Hubbard.

---

## Frederick J. Hubbard v. Annie E. Hubbard.

1.  CHANCERY PRACTICE—*Conclusions of the Master.*—The conclusions of the master, depending upon the weighing of conflicting testimony, have every reasonable presumption in their favor and are not to be set aside or modified unless there clearly appears to have been error or mistake on the part of the master.

**Divorce.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.  Heard in this court at the March term, 1898.  Affirmed.  Opinion filed December 12, 1898.

### STATEMENT OF THE CASE.

Appellee procured a divorce from appellant October 15, 1890, by which she was awarded the care, custody and education of three minor children and $9 per week for the support and maintenance of the children during their minority, or until the further order of the court.

January 11, 1897, appellee filed her supplemental bill, claiming that the decree was in full force, and there was due to appellee thereunder $339, and praying an accounting. Appellant answered that there was nothing due under the decree, that it was satisfied in full and appellant released from all liability thereunder, and also filed his cross-bill, alleging, in substance, that by an agreement between appellant, appellee and others, he conveyed his interest in a certain patent, worth $10,000, to a corporation known as the Curio Company, and that this company agreed to pay all moneys due appellee under the decree, and save appellant harmless therefrom, the company at the same time reconveying said interest in the patent to a trustee for appellee; that thereupon appellee entered into an agreement with the Curio Company, by which it agreed to pay her all that was due or should become due to her under the decree, so long as the same should be in force; she at the same time caused her trustee to reconvey the patent to the company; that the company paid her about $1,000 on the decree, and thereafter one Atkins bought a controlling interest in the company, retaining from the purchase price $3,000, which he agreed to pay to appellee, and she agreed to accept Atkins' promise to pay the amount in full for all claims under the decree against appellant; that thereafter litigation arose between appellee and Atkins concerning the $3,000, which was settled between the parties, and on May 26, 1894, appellee executed a formal release of all her claims against the company and Atkins arising out of the decree or any contract thereunder, by which appellant claims he was released from all liability under the decree, and prays that said decree be satisfied. Appellee answered the cross-bill, denying that there was any agreement to hold harmless appel-

lant from the decree, or that she ever in any way released appellant from liability under the decree to her.

The cause was referred to a master to take proof and report his conclusions, who reported, in substance, that said decree was still in full force and effect; that the several allegations of the cross-bill were proven, except that it was agreed that appellee was to give appellant credit on the decree for only such sums as should be paid to her by the Curio Company; that appellee satisfied the decree up to September 1, 1895; that she agreed with Atkins to receive from him $3,000 in full of the decree, and afterward settled with Atkins by his giving her notes, which have been partly paid to her and are still partly unpaid; that appellant's liability under the decree was never modified, save that he was to receive credit for such amounts as might be paid to her by the Curio Company, and that there was due to appellee under the decree $339.

Exceptions to the report were overruled, the report confirmed, and a decree in appellee's favor for $339 against appellant, and his cross-bill dismissed for want of equity, from which this appeal was taken.

CHARLES C. SPENCER, attorney for appellant.

EMIL A. MEYER, attorney for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellant's counsel says that the only question in the case is, does the evidence taken before the master show that appellant has been released from liability under the decree of October 15, 1890, in appellee's favor.

Appellee, in her dealings and agreement with the Curio Company, only agreed to credit appellant on the decree whatever sums were paid to her by the company, less expenses of collecting, and the express reservation was made that he was not, by reason of the contract, to be in any way released from liability upon said decree for any sums the said company might fail to pay.

Atkins' agreement with appellee to pay her $3,000 in full to satisfy the decree in appellee's favor, was never performed by him, and appellee's release of Atkins and the Curio Company from their respective liabilities to her, in no way affected the liability of appellant under the decree for amounts not paid by the company or Atkins.

As to the execution of the alleged release of appellant by appellee, there is a direct conflict of evidence between appellee on the one part and the witnesses Potter and Ballard for appellant. We think appellee is corroborated by circumstances testified to by the witnesses, and we are not prepared to hold that the finding of the master and the court, in this regard, is not supported by the weight of the evidence, which we must do before we would be justified in reversing it. The witnesses were before the master and heard by him, and when such is the case, due weight should be given because of the advantage the master derives from seeing the witnesses in judging of their credibility. Fairbury Agl. Bd. v. Holly, 169 Ill. 12.

In 2 Beach's Mod. Eq. Pr., Sec. 711, the author states the rule that the report of the master is merely advisory to the court, but says, "It is well settled that the conclusions of the master, depending upon the weighing of conflicting testimony, have every reasonable presumption in their favor and are not to be set aside or modified unless there clearly appears to have been error or mistake on his part." To the same effect are the cases of Tilghman v. Proctor, 125 U. S. 136, and Camden v. Stuart, 144 U. S. 104.

The decree of the Circuit Court is affirmed.