### James H. Christian et al. v. Illinois Malleable Iron Co.

1.   PARTNERSHIPS—*Contracts Binding upon Each Member.*—A contract with a partnership binds each member of the firm individually, as well as his individual property, to the same extent as it does the firm, and the firm property.

2.   SAME—*Contracts within the Spirit of the Mechanic's Lien Law.*— A contract with a partnership for materials to be used in a building on the real estate of one of the partners is within the spirit and intention of the mechanic's lien law, construed as a remedial statute.

5.   CHANCERY PRACTICE—*Presumptions as to the Consideration of Incompetent Evidence.*—Where there is competent evidence in the record sufficient to sustain the findings of the master and the decree of the court, it will be presumed that all improper evidence was rejected.

4.   MECHANIC'S LIENS—*Several Buildings under a Single Roof.*— Where several buildings are constructed under one roof and the materials for building them are furnished under one contract, it is unnecessary to apportion the lien among different subdivisions of the ground upon which the buildings are erected.

Bill for a Mechanic's Lien.—Appeal from the Circuit Court of Cook County: the Hon. RICHARD W. CLIFFORD, Judge, presiding.   Heard in this court at the March term, 1900.   Affirmed.   Opinion filed December 6, 1900.

**Statement by the Court.**—Appellee, a corporation, filed its bill or petition in the Circuit Court of Cook County to secure a lien on the property of the appellant James H. Christian, for materials used in the construction of a heating plant in the building or buildings known as numbers 6550 to 6558, both inclusive, Greenwood avenue, Chicago, Illinois. After answer by said Christian and other defendants, and replication thereto, the cause was referred to a master to take proof and report the same with his opinion on the law and evidence. The master heard the evidence of the respective parties, made his report thereon, finding a lien in favor of appellee upon the property in question, including the amount due under the contract, interest, cost of filing claim, and solicitor's fees of $427.74, and recommending a decree in accordance therewith and with the prayer of the bill. The chancellor, after the master had overruled objections to the report, the objections being ordered to stand as exceptions, overruled the same and entered a decree approving and confirming the report, and directing that unless said Christian or some of the defendants should pay the amount found due by the master, with interest and costs, within two days, then, that the master, in default of such payment, should sell the property in question, according to specific directions given by the decree. From this decree this appeal is taken.

Henry A. Gardner and Henry L. Stern, solicitors for appellants.

Charles A. Allen and Wm. J. Fox, solicitors for appellee.

Mr. Justice Windes delivered the opinion of the court.

The first claim of appellants is that the evidence does not sustain the findings of the master and the decree of the chancellor.

It appears from the evidence that the appellant Christian was the owner of five sub-lots numbered 1, 2, 3, 4 and 5, in a certain subdivision called Woodlawn Ridge, in Chicago,

Cook county, Illinois, and on or about January 1, 1898, was improving the same by erecting thereon a building or buildings known as numbers 6550, 6552, 6554, 6556 and 6558 Greenwood avenue, Chicago, Illinois, under general contracts with one Terry. About that date appellant also made an oral contract with appellee, by which the latter agreed to furnish to him all materials and supplies to be used in the construction of a heating plant for the said building or buildings, prior to May 1, 1898, at the market price of such material and supplies. In accordance with this contract appellee sold and delivered materials and supplies to said Christian amounting to $357.31, which were used by him in the construction of said heating plant between January 20, 1898, and April 13, 1898, the final payment thereon being due May 15, 1898. Appellee filed its statement of claim in accordance with the statute. The materials and supplies so used in the construction of said plant constitute a valuable improvement on said premises, and the prices charged therefor were the reasonable market prices.

There is a conflict in the evidence as to whether said Christian contracted for said materials and supplies directly with appellee or by B. H. Christian, the brother of said James H. Christian, and as agent for the latter, or by James H. Christian & Co., a firm composed of James H. and B. H. Christian, or by B. H. Christian as a sub-contractor under the general contractor for said building or buildings, Terry. The master finds that B. H. Christian, as the agent of James H. Christian, applied to appellee to supply said materials for said heating plant, and that the contract was entered into between said James H. Christian and appellee.

We have carefully read and considered the competent evidence in the record bearing upon these findings and the conflicting claims above noted, in the light of counsel's argument, and are of opinion that the findings of the master are sustained by the evidence—at least that it can not be said that such findings are manifestly against such evidence. This being true, and the findings having been sustained by

the chancellor, we do not feel at liberty to, and we should not, disturb the decree for this reason.   Hubbard v. Hubbard, 79 Ill. App. 217–20;  Highley v. Am. Ex. Nat. Bk., 86 Ill. App. 48–55; Siegel v. Andrews, 181 Ill. 350–6.

We do not deem it necessary to refer in detail to the conflicting evidence, further than to call attention to a letter written by James H. Christian to appellee, of March 30, 1898, in which he speaks of the claim of the latter as "my account of the material sent to my building, Nos. 6548–50–52–54–56 Greenwood avenue.   It amounts to something like $380.   I would like to have your house grant me a favor in this way by taking my note  for sixty days for $200, and I will give you the balance of $180, more or less, any time you want it.   Also would want a waiver of lien given when I make the note.   If you can do this I will consider it a favor and will promptly take care of the note when it becomes due."

This letter was written after most of the material in question had been delivered.   There was also offered in evidence a receipt dated February 7, 1898, signed by James H. Christian, for goods from appellee delivered to J. H. Christian "at J. H. Christian job, N. W. cor. 66th & Greenwood."

Considering the conflict in the evidence, we think the master and chancellor were justified from this letter and receipt in finding that the contract in question was made between appellee and James H. Christian.

There is considerable evidence to the effect that the contract was made between appellee and James H. Christian & Co., and it is argued by appellants' counsel that this would not support a lien upon property owned by James H. Christian alone.   We can not assent to this claim, as a contract with a partnership binds each member of the partnership individually, as well as his individual property, to the same extent as it does the firm and the firm property. Moreover, by the forty-first section of the mechanic's lien act it is provided that it shall be construed as a remedial act, and the first section of the act gives a lien to "any person who shall by any contract with the owner of any lot or

tract of land" furnish any materials for the purpose of building any house thereon. A contract with the firm of James H. Christian & Co. for materials to be used in a building on the real estate of James H. Christian is, we think, within the spirit and intention of the statute, construed as a remedial act. Van Court v. Bushnell, 21 Ill. 624; Springer v. Kroeschell, 161 Ill. 358–65.

Appellants' counsel claim that the master excluded proper and admitted improper evidence, and says that appellee's witness, Akin, was allowed to testify to a conversation with James H. Christian with reference to offers of compromise made by him, and that another witness was allowed to read from appellee's ledger, which was not shown to be a book of original entry, its account with James H. Christian; that certain letters from appellee to James H. Christian, not replied to by the latter, tending to show his personal liability and self-serving in their nature, were admitted; that the witness Steneck was allowed to testify to a conversation between B. H. and James H. Christian, and when counsel for the latter wished to have him deny that he made any such statement, he was not permitted so to do; also, that James H. Christian was not allowed to rebut the testimony of one Doyle as to a similar matter.

Conceding that the evidence of Akin as to offers of compromise, the account read from the ledger and the letters from appellee to James H. Christian, were improperly admitted, which it is unnecessary to decide, we can not see why they should have caused the master or chancellor to have reached a different conclusion. The proper evidence in the record is sufficient to sustain the findings of the master and the decree of the court, and it will be presumed that all improper evidence, if any, was rejected. Dunn v. Berkshire, 175 Ill. 243–50; Harding v. Harding, 180 Ill. 481–506.

The rulings as to the evidence of the witnesses Steneck and Doyle, which it is claimed appellant Christian was not allowed to rebut, are, in our opinion, proper. Christian had previously denied on his cross-examination that he had had any conversation with the witnesses Steneck and Doyle in

the respects testified to by them, and he was not entitled to deny the same the second time.

Other objections are made with reference to the admission of evidence claimed to be not properly cross-examination or rebuttal, which we deem it unnecessary to refer to in detail. They were matters in the discretion of the master, proper to be considered, and it is unimportant as to the time when they were admitted.

Counsel further say that there was error in not apportioning the lien between the several sublots and buildings.

The evidence is not clear on this point. The petition alleges that the buildings in question were constructed under one roof, and that the materials were furnished under the contract and used in "the building" of said Christian, that the statement of lien was for material furnished and used in "said building." The answer denies that the material was used in "the building" of James H. Christian; and avers that Terry was the contractor for the steam heating apparatus "in said building." The report of the master finds that the material was to be used in the construction of the heating plant of "the building," giving the numbers; that the material was delivered to and used in "said building of said James H. Christian." The objections by appellants refer to it as "the heating plant in the building known as Nos. 6550, 6552, 6554, 6556, 6558 Greenwood avenue, Chicago," and in the sixth objection to the report the point is made that the master should have found that the buildings were on distinct premises, and should have distributed the liens upon each separate piece of property.

The evidence refers to a building, and also to buildings under one roof, and from an examination of it we are unable to say but that it justified the master in finding, either that there was one building, or that there were five buildings under one roof, in either of which cases it was unnecessary to apportion the lien, and the decree as entered is not erroneous. Berndt v. Armknecht, 50 Ill. App. 467; Bastrup v. Prendergast, 179 Ill. 553.

Being of opinion that there is no reversible error in the record, the decree of the Circuit Court is affirmed.