# DAVID GOCHENOUR

*v.*

# ALBERT MOWRY.

33 331
128 108
33 331
31a 575
33 331
140 298
142 492
33 331
42a 611
33 331
45a 20
33 331
48a 175
33 331
53a 630
33 331
163 138
33 331
64a 48
33 331
180 146

1. DECREE OF FORECLOSURE, *against mortgagor and subsequent incumbrancers.* In a suit for foreclosure of a mortgage against the mortgagor and certain subsequent incumbrancers, it was decreed "that the said mortgage be and the same is hereby foreclosed, and that *said defendants* pay to the special master in chancery, for the use of the complainant," the amount found due, within twenty days, and in default thereof that the premises be sold. *Held,* that the decree was, in effect, an alternative one; that if the money should not be paid within the time limited, then the premises should be sold, giving the option to the subsequent incumbrancers to pay the money or suffer the property to go to sale.

2. The decree was not obnoxious to the objection that it was against the subsequent incumbrancers personally; had it been so it should have been modified so as to have restricted it to the mortgagor, the real debtor.

3. SUBSEQUENTLY ACQUIRED TITLE — *whether it inures to a prior grantee or mortgagee.* If a conveyance of land be with general warranty, a subsequent title acquired by the grantor will inure, by estoppel, to the benefit of the grantee, and this for the purpose of avoiding circuity of action.

4. And so where a mortgage is given with covenant of warranty, if the mortgagor subsequently acquire title, it will inure to the mortgagee.

5. And a subsequent purchaser from the mortgagor under his after acquired title would also be estopped, if he had notice.

WRIT OF ERROR to the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

On the 7th of December, 1861, Albert Mowry exhibited his bill in chancery in the court below against Jeroboam B. Barr, the mortgagor, and others, including David Gochenour, to foreclose a mortgage.

It appears from the allegations in the original and amended bills, that on the 14th of September, 1857, Barr was indebted to one John Allen in the sum of $1,651 for purchase-money for a certain tract of land, which Allen had sold and conveyed to Barr by quitclaim deed, and for which Barr gave his note to Allen, and also a mortgage on the premises to secure its payment. On the 15th of September, 1860, Allen indorsed the note to Mowry,

the complainant, after its maturity. The mortgage was recorded September 15th, 1857.

Various judgments had been recovered against Barr; one in favor of Gochenour for $553.10, and one in favor of John and B. Warren for $740.10.

The mortgage from Barr to Allen contained covenants of seizin, against incumbrances and of general warranty.

After the execution of the mortgage, and before the filing of the bill, it is alleged Barr, for a valuable consideration, purchased a pretended title to the mortgaged premises, from Richard Cassingham. On the 1st of October, 1860, and before the filing of the bill, Cassingham executed and offered to deliver to Barr a deed for the lands, which Barr refused to receive, but desired, as the complainant alleges, the conveyance to some third party to defraud the owner of the mortgage debt. It is further alleged that on May 1st, 1862, Cassingham conveyed the land to Gochenour; that Gochenour paid nothing for it, but received the conveyance in order to cheat and defraud the complainant out of his mortgage debt, and holds the premises under the title thus acquired. The complainant asks a foreclosure of the mortgage, and a sale of the land to satisfy his debt.

Answers were filed by Barr, Gochenour and others, controverting the grounds insisted upon by the complainant by which he sought to subject the land as claimed by Gochenour under his deed from Cassingham, to the payment of the mortgage debt.

The cause came on to be heard upon the original and amended bills, answers and proofs, and a decree was entered, finding the claim and interest of Gochenour subsequent to the mortgage, and subject thereto; and it was decreed that the mortgage be foreclosed; that "the defendants" pay the amount found due, within twenty days, and in default thereof that the premises be sold to satisfy the mortgage debt. The cause is brought to this court by Gochenour, upon writ of error; and he now insists the court below erred:

1. In finding that the title of plaintiff in error in the land derived from Cassingham, was subject to the mortgage given by Barr.

2. In rendering a decree against plaintiff in error and all the defendants for the money due from Barr to complainant, and requiring them to pay the same and costs of suit within twenty days.

Mr. W. H. MANIER, for the plaintiff in error.

Messrs. WARREN & WHEAT and G. EDMUNDS, Jr., for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The record in this case presents these questions : First, does an after acquired title by a mortgagor inure to the benefit of the mortgagee who has taken his mortgage with covenants of warranty ; and second, is the decree in the case in proper form.

As to the second point, it is insisted the decree is for the payment of the money due by the mortgagors, by all the defendants, in other words that it is a decree against the defendants personally, for which an action of debt would lie. If this was so, the decree would be modified so as to restrict it to the mortgagor, the real debtor. But we regard the decree as, in effect, an alternative one; that if the money is not paid by the time limited, then the premises shall be sold, giving the option to the subsequent incumbrancers or claimants to pay the money or suffer the property to go to sale.

Upon the other point, we understand the doctrine to be, if a conveyance be with general warranty, the subsequent title acquired by the grantor will inure by estoppel to the benefit of the grantor, and this for the purpose of avoiding circuity of action *McCracken* v. *Wright*, 14 Johns. 194; *King* v. *Gilson*, 32 Ill. 348 And a subsequent purchaser from the mortgagor under his after acquired title is also estopped, if he had notice. *Somes, Administrator*, v. *Skinner*, 3 Pick. 58 ; *Wark* v. *Willard*, 13 N. H. 389 ; *Jones et al.* v. *King*, 25 Ill. 388.

In this case the plaintiff in error had notice of Barr's deed with covenants of warranty to Allen, and he held the title purchased of Cassingham by Barr, and paid for with Barr's money, as

the mere trustee of Barr. Mowry, the assignee of Allen of the mortgage, must be entitled to the benefits of all the covenants contained in Barr's deed to him, and Barr, and those claiming under him or for him, are estopped by his covenants. It was a fair contract between Barr and Allen, which they had a right to make, and Allen's assignee is, in equity, entitled to the benefit, of it.

The judgment is affirmed.

*Judgment affirmed.*