## JOSEPH O. GLOVER *et al.*

### *v.*

## CLARA BENJAMIN.

1. ESTOPPEL—*to complain of decree not protecting party's interest.* Where a decree is rendered in a cause which properly protects a party's interest in the premises, and he causes the same to be reversed on the ground of its being in his favor, and rendered without his consent, he will have no cause of complaint if the second decree fails to protect him. After repudiating the relief granted him, he will be estopped from insisting on the same relief.

2. DECREE—*whether personal or alternative.* A decree on the foreclosure of a mortgage which finds the sum due from the mortgagee, and requires a subsequent purchaser to pay the same by a day named, and, if he does not, that the mortgaged premises be sold, is not a personal decree against the mortgagee, but is in effect an alternative one, and is not erroneous.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

This was a bill in chancery, filed by Clara Benjamin and S. G. W. Benjamin, against Joseph O. Glover, George C. Campbell and Samuel R. Haven, to foreclose a mortgage. The mortgage was given by Charles H. Scriven to Samuel R. Haven, as trustee, on certain city lots, to secure the payment of a promissory note of $6000, given by Scriven to Clara Benjamin, and also another note of $1500 given by him to Mary A. Stowell. The bill alleged that the latter note had been fully paid, and that Clara Benjamin had sold and assigned to the defendant Glover an undivided half of the $6000 note, and that he declined to join as a complainant in the bill. It appeared that Scriven had sold and conveyed the premises, and that defendant Campbell was the owner of Scriven's equity of redemption.

A decree was rendered in favor of Clara Benjamin and defendant Glover, and for the sale of the premises, and the latter procured its reversal on the ground that he had not asked for a foreclosure, and the decree in his favor was without his consent.

After the cause was remanded, a decree was rendered finding the amount due Clara Benjamin, and requiring Campbell to pay the same by a day named, and in default thereof that the mortgaged premises be sold. From this decree Glover and Campbell appealed.

Mr. B. C. COOK, for the appellant Glover.

Messrs. LAWRENCE, WINSTON, CAMPBELL & LAWRENCE, for the appellant Campbell.

Per CURIAM: This cause was before this court at the September term, 1873, when the questions involved were fully considered, and the decree of the Superior Court was reversed and the cause remanded alone upon the ground that the court rendered a decree in favor of appellant Glover, without his consent, when he neither asked nor desired any relief whatever.

Syllabus.

The cause was remanded with directions to the court to enter a decree in favor of appellees for the amount due them upon the note and mortgage. This has been done, and if appellant Glover is not protected, he has no just grounds to complain. By the former decree, he was fully protected. He protested against the action of the court, and caused a reversal of the decree for the reason that he desired no relief or protection. It is now too late for him to insist upon what he repudiated before.

Appellant Campbell urges that the decree should be reversed because it is a personal decree against him. We do not so regard it. The decree is, in effect, an alternative one. If the money is not paid by a specified time, then the premises are to be sold. The option is given to Campbell to pay the money named in the decree, or suffer the property to be sold. The case of *Gochenour* v. *Mowry*, 33 Ill. 331, is conclusive of the question raised.

The other questions sought to be raised are settled by the opinion filed when the cause was before us at the September term, 1873, and we must decline to review them.

The decree will be affirmed.

*Decree affirmed.*