## MARY SMILEY

*v.*

## GEORGE FRIES.

*Filed at Mt. Vernon September 29, 1882.*

1. DESCRIPTION *of land in a deed—sufficiency.* Any description of land in a deed by which the property may be identified by a competent surveyor, with reasonable certainty, either with or without the aid of extrinsic evidence, is sufficient.

2. A deed for real estate conveyed a number of lots in the town of Athens, St. Clair county, Illinois, referring to the plat of that town, and purported to convey another tract, described as, "also another piece or parcel of land, being all that part of the north-west quarter of the south-west quarter of section 27, lying out of the town, containing," etc: *Held,* that the description of the latter tract, taken by itself, was not sufficient in certainty, but that the word "town," meant the town of Athens, the plat of which is a fixed monument, from which the location of the tract may be found with precision, and hence the description was sufficient.

3. DELIVERY *of a deed—presumption as to time.* In the absence of other proof, the delivery of a deed will be presumed to have been on the day it bears date, and the subsequent date of the certificate of acknowledgment alone can not overcome this presumption.

4. DEED—*correcting mistake by memorandum at the bottom.* To a deed purporting to have been executed on June 12, 1837, was appended a memorandum, to the left of and below the signatures of the grantees: "Interlined, altered and scratched out before signed, Belleville, June the twelfth, eighteen hundred and thirty-eight." It was not stated by whom this was made, nor was it shown, except by the mere inference to be drawn from the date, that it was made when the deed was signed: *Held,* that such entry alone was not sufficient to show there was a mistake in the date of the deed.

5. COVENANTS FOR TITLE—*effect of outstanding title in grantee.* Where the holder of the undivided three-fourths of a tract of land conveys the entire estate therein, by warranty deed, to the owner of the undivided one-

fourth part, the covenants of the grantor are not broken by reason of the outstanding title in his grantee at the time the deed was made, and the grantee can maintain no action on such covenants.

6. INURING OF TITLE *subsequently acquired by grantor.* A subsequently acquired title of a grantor inures to the benefit of his grantee by way of estoppel, to avoid circuity of action, and where there is no liability on the covenants of the grantor's deed there is no foundation for the estoppel, and a title subsequently acquired from his grantee will not inure to such grantee, and thereby make his deed inoperative.

7. TITLE—*interchange of conveyances.* A and B owned land in common, or as partners, the first the undivided three-fourths thereof, and the latter the other undivided fourth. A conveyed by warranty deed to B, the whole title, and B afterward conveyed to A the undivided one-fourth of the same: *Held,* that by these deeds each party conveyed to the other the interest he held at the time in the land, thus exchanging places, and that B did not own the entire estate, but only one-fourth thereof.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. WILLIAM C. KUEFFNER, for the appellant:

The deeds between the tenants in common, Pensoneau and Kraft, having been executed, acknowledged, and filed for record, at the same time, must be construed together as one entire transaction. *Kruse* v. *Prindle,* 8 Or. 158; *White* v. *Breson,* 14 Ohio St. 339; *Thompson* v. *McClenachan,* 25 Miss. (S. & M.) 110.

If A, being the owner of a piece of land, conveys it to B, and B simultaneously, by warranty deed, conveys it back to him, the title will remain unchanged. This view is strengthened by the consideration that Pensoneau undertook, by warranty deed, to convey the whole of this estate, when the evidence shows he owned only three-fourths. Any title acquired by him subsequently must inure in favor of his grantee, and those claiming under him.

Messrs. HAY & KNISPEL, for the appellee:

The deed to Kraft was improperly admitted, as it fails to describe the land with sufficient certainty. The description

is: "That part of the north-west quarter, etc., lying outside of the town, containing $34\frac{81}{100}$ acres." This conveyance is void. *Carter* v. *Barnes,* 26 Ill. 454.

When there is no priority of registry, the deed oldest in date takes preference, and the date of the deed is *prima facie* evidence of the time of its execution. *Meek* v. *Fowler,* 14 Ark. 29; *Costigan* v. *Gould,* 5 Denio, 290; *Noakes* v. *Martin,* 15 Ill. 118; *Deininger* v. *McConnel,* 41 id. 227.

Where an acknowledgment bears date subsequent to that of the execution of the deed, it does not rebut the presumption that the deed was delivered on the day it bears date. *Deininger* v. *McConnel,* 41 Ill. 227; *Darst* v. *Bates,* 51 id. 439.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant brought ejectment, against appellee, in the court below, for a piece of land, particularly described in the declaration, and recovered a judgment only for the undivided three-fourths thereof. The sole controversy is in reference to the construction of two deeds affecting the land—one by Pensoneau to Kraft, and the other by Kraft to Pensoneau.

A cross-error assigned by appellee in reference to the description of the property conveyed by the deed of Pensoneau to Kraft, first demands our attention. It is contended the description in that deed is too indefinite and uncertain to convey the property in dispute, or any interest therein. The part of the description commented on is as follows: "Also another piece or parcel of land, being all that part of the north-west quarter of the south-west quarter of section 27, lying outside of the town, containing $34\frac{81}{100}$ of an acre." Taken by itself, undoubtedly, this is not sufficient. But the clear implication from the use of the words "the town," is, that some particular town, before referred to, is meant; and referring in the description to property previously described, we find a large number of lots in the "town of Athens, St. Clair county, State of Illinois," described, and the plat of

that town referred to as a fixed monument. The word "town" does not otherwise occur. So we know, to a moral certainty, that "that part of the north-west quarter of the south-west quarter of section 27, lying outside of the town," means outside of the town of Athens, in St. Clair county. The town plat is a fixed monument, and any surveyor, by going to it, can fix, with precision, the location of this property. This court has ruled that any description by which the property might be identified by a competent surveyor with reasonable certainty, either with or without the aid of extrinsic evidence, is sufficient. *Colcord* v. *Alexander*, 67 Ill. 581; *Chicago Dock and Canal Co.* v. *Kinzie*, 93 id. 415; *Fowler* v. *The People*, id. 116.

The deed from Pensoneau to Kraft is a warranty deed, bears date June 12, 1837, and conveys the whole title. The deed from Kraft to Pensoneau is a warranty deed, also, bears date June 10, 1838, and conveys the undivided one-fourth. Both deeds were acknowleged October 30, 1838. The delivery of the deed will be presumed to have been on the day it bears date, and in the absence of other proof the subsequent date of the certificate of acknowledgment can not overcome this presumption. *Deininger* v. *McConnel*, 41 Ill. 227; *Jayne* v. *Gregg*, 42 id. 413; *Blake* v. *Fash*, 44 id. 302; *Hardin* v. *Osborn*, 60 id. 93; *Hardin* v. *Crate*, 78 id. 533.

On the face of the deeds, therefore, the presumption is the deed from Pensoneau to Kraft is the elder.

But counsel insist the year 1837, in the deed of Pensoneau to Kraft, was a mistake,—that the year in which that deed was executed was 1838,—and this, he insists, is shown by a memorandum to the left of, and below, the signatures of the parties, running thus: "Interlined, altered and scratched out before signed—Belleville, June the twelfth, eighteen hundred and thirty-eight." By whom this was made is not stated, nor is it shown, except by the mere inference to be drawn from the date, that it was made when the deed was

signed. Its position with reference to the signatures of the parties tends rather to prove that it was made subsequent to the signing of the deed. We can not regard it as sufficient, alone, to show there was a mistake in the date of the deed.

But counsel insists these deeds were executed as parts of one and the same transaction, between the same parties, and to effect a single purpose, and being so executed, they should be read and construed together. For the purpose of proving they were so executed, Kraft was called as a witness, and he testified that he and Pensoneau had been in partnership, and were tenants in common of the real estate described in the two deeds; that these deeds were prepared to dissolve and close up the partnership and to make partition of the realty, but on account of the sickness of witness there was considerable delay about executing them after they had been prepared, and that they finally executed and delivered them as a part of one transaction, to effect a partition of said real estate. He admits that his memory is not very clear, but says that is his best recollection. If the construction contended for by counsel for appellant is correct, the deed of Kraft to Pensoneau, as respects this property, is simply a nullity,—and so, also, is so much of Pensoneau's deed to Kraft as assumes to convey more than three-fourths of the title,—because, according to his view, the grants were instantaneous; and as to the one-fourth in Kraft, they neutralized each other. It is not to be presumed the parties intended so useless and absurd a proceeding, and there is nothing in Kraft's evidence tending to show that they did so intend. The covenants in Pensoneau's deed were not broken by reason of the outstanding title to one-fourth in Kraft, at the time the deed was made, and he could maintain no action on that account. *Beebe* v. *Swartwout,* 3 Gilm. 178; *Furness* v. *Williams, Admr.* 11 Ill. 240.

There are, therefore, two reasons why no title conveyed to Pensoneau by the deed of Kraft could inure to the benefit of

the title conveyed by Pensoneau to Kraft: First, such inuring is by way of estoppel, for the purpose of avoiding circuity of action; but since there could be no circuity of action here,—there being no liability on the covenants,—there is no foundation for the estoppel. (*Gochenour* v. *Mowry*, 33 Ill. 331; *Jones* v. *King*, 25 id. 383.) Secondly, the title which will inure is a title acquired subsequently. If we shall construe both grants so as to give effect, we must necessarily hold the deed of Pensoneau to Kraft conveyed what he had to convey, namely, three-fourths, and the deed of Kraft to Pensoneau conveyed what he had to convey, namely, one-fourth, the parties thus just swapping places. It is true this might have been more easily done by a deed of one-half from Pensoneau to Kraft; but it is done the other way, and effect is thereby given to both grants, while to hold Pensoneau conveyed to Kraft the whole, and took nothing himself, is to hold Kraft's deed to Pensoneau accomplished nothing whatever. In either view, therefore, the judgment below is right, and must be affirmed.

*Judgment affirmed.*