ELIAS R. BOWEN

*v.*

FLORENCE McCARTHY *et al.*

*Filed at Ottawa November 15, 1888.*

1. AFTER ACQUIRED TITLE—*to whom it may inure—as to mortgagee of chattels.* The lessor of land, without title, gave the lessee a chattel mortgage to secure the payment of a note of the former then past due, in which it was recited that the note was extended two years from its maturity, upon condition that the rent of the leased property should be applied to pay the interest on such note, or the principal thereof, until paid. Afterward the lessor obtained the title to the land so leased: *Held*, that the after acquired title did not inure, either under the statute, or by way of estoppel, to the holder of the chattel mortgage, for the reason there was no deed to him, or covenant appropriate to that end.

2. SAME—*effect of the condition to apply rents, as creating an equitable mortgage on the realty.* The condition in the chattel mortgage to apply the rents upon the note secured thereby, did not create an equitable mortgage of the lot. It amounted to no more than that the mortgagee should, during the period of extension, have the right to apply the rents upon the note, and if it was not paid within that time, the mortgagee's security was not a lien upon the lot, or a right to the rents, but only included the mortgaged chattels.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. EDWARD ROBY, for the appellant:

The marriage of Walker having taken place in 1860, and issue born in 1863, and death of the wife in 1864, he took an estate by the curtesy, and not an estate during coverture. *Rose* v. *Sanderson*, 38 Ill. 247; *Lang* v. *Hitchcock*, 99 id. 550; *Monroe* v. *Van Meter*, 100 id. 346; *Lucas* v. *Lucas*, 103 id. 121; *Armstrong* v. *Wilson*, 60 id. 226; *Poole* v. *Blakie*, 53 id. 496; *Beach* v. *Miller*, 51 id. 209; *Cole* v. *Van Riper*, 44 id. 64.

The Appellate Court erred in holding that the title subsequently acquired by the quitclaim deed of Mary Louise did

2—127 ILL.

not inure to the benefit of Bowen. No particular words are necessary to create a covenant. Platt on Covenants, 36, 72; Shephard's Touchstone, 122, 129, 162; Bingham on Real Prop. 384; Rawle on Covenants for Title, 208, 383.

The pledge of the rents to the payment of the note, created an equitable mortgage of the lot. Jones on Mortgages, chap. 5, secs. 162-168, 171, 179, 181, 183, 186, 187.

The rents were mortgageable. *Curtis* v. *Root,* 20 Ill. 522; *Chadwick* v. *Clapp,* 69 id. 122; *Chase* v. *Peck,* 21 N. Y. 583; *Nugent* v. *Riley,* 1 Metc. 110; *Cotterel* v. *Long,* 20 Ohio, 472; Jones on Mortgages, secs. 171, 181, 186.

Mr. ALLAN C. STORY, for the appellee Florence McCarthy.

Messrs. BURKE & HOLLETT, for the appellee Emma J. Walker:

The record of the chattel mortgage was no notice as to the title to real estate. *Grundies* v. *Reid,* 107 Ill. 304; *Kerfoot* v. *Cronin,* 105 id. 609.

The subsequently acquired title of Walker did not inure to Bowen. *Holbrook* v. *Debo,* 99 Ill. 372; *Frink* v. *Darst,* 14 id. 304.

Mr. JAMES LLOYD, for the appellee Mary Louise Lloyd:

The memorandum in the chattel mortgage does not come within the meaning of the statute in relation to the inuring of a subsequently acquired estate. Rev. Stat. chap. 30, sec. 7; *Frink* v. *Darst,* 14 Ill. 304; *Bybee* v. *Hageman,* 66 id. 519; *Holbrook* v. *Debo,* 99 id. 372.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Sidney P. Walker executed and delivered to different persons his certain mortgages, one of which was to appellee Florence McCarthy, on lot 13, block 3, etc., Chicago. Appellant had been in possession of this lot for many years as tenant, and had placed some improvements thereon. He entered under a written lease executed by one Herriman, in April, 1857, for

nine years, but he paid the rent to said Walker from February, 1863, and after the expiration of his term under the lease, continued in possession without any written contract, paying rent to Walker. On the 26th of April, 1866, Walker and appellant had a settlement, and a memorandum then made contains a statement that Walker shall execute a lease of the north thirty feet of said lot to Bowen, for five years, from May 1, 1866. From about the time of this settlement Bowen's possession was confined to said thirty feet, and rent was paid to Walker for it alone, but no lease was executed. In 1874, Walker became indebted to Bowen in the sum of $4600, for which he executed his promissory note, due in two years, and to secure the payment of the same, also executed and delivered to him a chattel mortgage. This chattel mortgage was twice renewed by giving new ones, the last being dated April 12, 1877. It is in the usual form of chattel mortgages in this State, with the exception of a clause in the defeasance, which makes it read as follows:

"*Provided, nevertheless,* that if the said Sidney P. Walker, heirs, executors, administrators or assigns, shall well and truly pay or cause to be paid unto the said Elias R. Bowen, his heirs, executors, administrators or assigns, the sum of $4600, and interest thereon, according to the tenor and effect of one promissory note, dated September 4, 1874, signed by the party of the first part, (said Walker,) and payable to the order of the party of the second part, (said Bowen,) in two years after date, with interest at the rate of ten per cent per annum, (said note being extended two years from maturity thereof, upon condition that the rent of the north thirty feet of lot 13, block 3, in W. ½ and W. ½ of N. E. ¼, sec. 17, and known as 15 Centre avenue, Chicago, shall be applied to pay interest on said note, or the principal thereof, so long as any portion thereof remains unpaid,) then and from thenceforth these presents, and everything therein contained, shall cease, and be null and void."

Sidney P. Walker died January 22, 1884. In August following, appellee McCarthy filed his bill to foreclose, making those who held other mortgages, and appellant, Elias R. Bowen, parties defendant. The cause was heard in the circuit court of Cook county, before the Hon. M. F. Tuley, and a decree rendered adjusting the rights of all the parties, to which no exception is taken by any of the defendants except appellant. The decree allowed him to remove all his improvements from said lot, but disallowed his claim to a lien upon the said lot or any part of it. The Appellate Court affirmed that decree.

Appellant bases his claim to a lien upon the north thirty feet of said lot 13, upon that clause in the defeasance of the chattel mortgage above mentioned which is in parenthesis, viz.: "Said note being extended two years from maturity thereof, upon condition that the rent of the north thirty feet of lot 13, block 3, * * * shall be applied to pay interest on said note, or the principal thereof, so long as any portion thereof remains unpaid,"—and the attempt is to construe that language into an equitable mortgage, and thus give him rights in the property.

A question is made as to the title of Sidney P. Walker to lot 13 at the time he executed this chattel mortgage. It formerly belonged to his wife, who had previously died, leaving a daughter, the issue of her marriage with Walker. It seems to have been urged in the Appellate Court, that he had an estate by the curtesy,—at least that court held that he did not, but, under the Married Women's act of 1861, had an estate during coverture, only. While we think, on the facts stated, that decision is wrong, the death of Walker terminated whatever estate he did have as husband, and therefore whether it was by the curtesy or during coverture, is immaterial, in any view of the case. He did, during his lifetime, become the owner by purchase, but it was long after the execution of the above named chattel mortgage to appellant.

It is insisted, however, that that title would relate back, and inure to the benefit of appellant. We think the decision of the Appellate Court on that branch of the case is right, and for the reasons stated in the opinion of Justice McALLISTER : "The after acquired title could not inure by virtue of the statute, because there was no deed or conveyance from Sidney P. Walker to Bowen, purporting to convey an estate in fee simple absolute in any portion of the premises in question. It could not inure by way of estoppel by covenant, because there was no covenant appropriate to that end." *Holbrook* v. *Debo*, 99 Ill. 372. See, also, *Smiley* v. *Fries*, 104 Ill. 416.

But we think it wholly unnecessary to place a decision affirming the decree of the circuit court on the frailty of Walker's title at the time he made the chattel mortgage to appellant. By no fair construction can that clause upon which appellant relies, be held to create a lien upon the realty. The whole of the chattel mortgage being considered, this clause amounts to no more than an agreement that during the two years for which the note was extended, appellant should have the right to apply the rent of that part of the lot occupied by him, on interest or principal, instead of paying it to Walker, unless the note should be sooner paid. It became absolutely due and payable in two years from its maturity by the terms of this clause, and if not then paid, appellant's security was not a lien upon the lot, or a right to the rents, but the chattels mortgaged. To hold that the intention of the parties was to extend the payment of the note indefinitely, and until the rents of said property should discharge it, is not only to do violence to the language of that clause, but to assume that the chattel mortgage, which was in fact the security for the note, was to have no effect.

The decree will be affirmed. *Decree affirmed.*

Mr. JUSTICE BAILEY, having heard this case in the Appellate Court, took no part in this decision.