MARY A. BUMGARTNER *et al.*

*v.*

HENRY B. HALL *et al.*

*Filed at Springfield November 10, 1896.*

1. MECHANICS' LIENS—*when contract for building made by husband will bind the wife.* A contract for the construction of a house upon the wife's realty, made by a husband with due authority, binds the wife, especially when ratified by her acts and conduct during the progress of the work.

2. SAME—*effect of provision in decree that husband and wife shall pay amount found due.* Provision in a decree for a mechanic's lien on the wife's property that the husband and wife pay the amount found due within the time named is not erroneous, as making the husband personally liable, its effect being to point out how the sale may be avoided.

*Bumgartner* v. *Hall,* 64 Ill. App. 45, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Appellees, who are carpenters and contractors, obtained a decree in the circuit court establishing a lien on a certain lot owned by Mary A. Bumgartner, one of the appellants, for the amount remaining unpaid to said appellees and their sub-contractors for work performed and

material furnished in and about the construction of a dwelling house on said lot. The court found and recited in the decree the following facts as having been established by the evidence:

"That Frank X. Bumgartner, with the knowledge and consent of Mary Bumgartner, his wife, entered into a contract in writing with the complainants for the erection of a dwelling house on the lots owned by the said Mary Bumgartner, and immediately after the making of said contract, in compliance with the terms thereof, the complainants commenced work upon said building and erected the same upon the said lot; that after said contract was entered into, as aforesaid, said Mary Bumgartner ratified, adopted, acknowledged and accepted the said contract made by Frank X. Bumgartner, her agent, and from time to time during the progress of the work, until its completion, took charge of the construction of said building and took the said contract as her own, and from time to time made changes in the plan and construction of the house, and claimed the house and demanded its completion, and demanded possession of said house as her own, and took possession thereof and moved into said house, and does now occupy, and ever since said time has occupied, the same as her own property, with her family, and that the said Mary Bumgartner is liable to the complainants for the labor and materials furnished by them in the erection of the dwelling house upon such premises, and that there is due the complainants the sum of $2151.07, for which they are entitled to a lien upon the premises; that there are due certain sub-contractors and material-men, from complainants, for labor and material furnished in said building, various sums. It is therefore ordered, adjudged and decreed that the complainants and said contractors have a lien on said premises for the amount so found due, and that the defendants, Mary Bumgartner and Frank X. Bumgartner, within twenty days from this date, pay to M. U. Woodruff, special mas-

ter in chancery of this court, the said sum, with interest from this date, to be distributed by said master between said sub-contractors and complainants, after payment of costs, according to their respective interests, and in case of default that said premises be sold at public vendue by said special master."

PATTON, HAMILTON & PATTON, for appellants.

SCHOLES & SELBY, W. H. COLBY, and W. F. HERNDON, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

We have carefully reviewed the testimony in this record and find that it fully sustains the decree of the circuit court. The only question upon the merits of this cause is whether appellant Mary A. Bumgartner was bound by the contract set up in the bill, entered into by her husband with the contractors. We think she must be so held, upon the ground that the husband, in making the contract, acted as her authorized agent, and especially upon the theory that she fully ratified his action by her conduct after its execution and during the progress of the work. Her letters of July 24 and 29, addressed to appellees, are wholly inconsistent with any other conclusion, and the explanation on her part, to the effect that she signed them because told by attorneys that it was necessary that she should do so, cannot result in destroying their binding force upon her.

There was no error in providing in the decree that the husband and wife pay the amount found due within the time named. The effect of that order was not to make the husband personally liable, but simply to provide that a sale of the property might be avoided by payment of the amount due by either him or his wife, the owner of the property. *Gochenour* v. *Mowry,* 33 Ill. 331.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*