Maxwell, J.
January 10,1893, Charles E. Durkee was a cred *503 itor of The Ute Pass Land and Water Company to the amount of $657.08. $487.80 of this amount was to be paid in land, the balance in cash. Previous to above date Durkee had commenced a suit in attachment against the company for the purpose of enforcing payment of his claim. Appellant was president of The Ute Pass Land and Water Company.- As the result- of an interview between Durkee and Ehrich, the following contract was entered into by them:
“This agreement made and entered into this 10th day of January, A. D. 1893, by and between Louis K. Ehrich of El Paso County, Colorado, of the first part, and Charles E. Durkee of the same place of the second part,
“Witnesseth: That for and in consideration of the sum of one dollar ($1.00) to the said first party in hand paid by said second party, the receipt whereof is hereby acknowledged, and also in further consideration that said second party will take such' action only in his certain suit now pending in the district court of El Paso county, Colorado, against The Ute Pass Land and Water Company as said first party may direct, said first party hereby agrees to and with the said second party that he will convey or cause to be conveyed unto said second party with-, in the year 1893, certain' lots or parcels of land embraced within what is known as said Ute Pass Land and Water Company’s townsite, excepting therefrom lots 38, 39, 40, 41, 59, 60 and 61 in El Paso county, Colorado, which embraces the lands heretofore levied upon by said second party in his said suit against said Ute Pass .Land and Water Company as said second party may within said year at any time select; the said lands or parcels of land to be thus conveyed shall be sufficient in number, extent and area to be of the value of four hundred and eighty-seven dollars and eighty cents ($487.80) at a valúa *504 tion of said lands and premises not exceeding one thousand dollars ($1,000) per acre and at as much less a valuation thereupon as said first party or others in charge and control of the said land and premises shall hereafter and within'three (3) months from the date hereof fix upon it as a scheduled valuation thereof; and further, that said first party will convey the said lots or parcels of lands to said second party or cause the same to be done .as aforesaid by good and sufficient deed or deeds of warranty and fully free and clear of all encumbrances, liens and taxes whatsoever, so as to perfect in said second party a good and perfect title thereto in fee simple immediately upon such conveyance.
‘ ‘ And said first party further agrees to and with the said second party that in the event of his failure to make the said conveyance or conveyances as aforesaid or to cause the same to be done within the time above limited, then the said first party shall immediately upon the expiration of one year from the date hereof become personally indebted to said second party in the said sum of four hundred and eighty-seven dollars and eighty cents ($487.80), which shall thereupon immediately become due and payable to said second party from said first party without grace or any further extension whatever in any event. Executed in duplicate.
“In witness whereof the parties have hereunto set their hands this 10th day of January, A. D. 1893.
[signed] “Louis R. Ehrich.
[signed] “C. E. Durkee.”
Under date of December 28, 1893, Durkee made the following demand in writing upon the appellant:
“Colorado Springs, Colo., Dec. 28, 1893. “Louis R. Ehrich, Esq.,
“Colorado Springs, Colo.
“Dear Sir: In pursuance of our agreement of *505 January 1Ó, A. D. 1893, I am éntitled to about 487-1000 of an acre under the agreement, and I select the same off the southerly portion of lot 19 in Ute Pass Land and Water Company’s townsite, the same to be bounded on the southerly side by lot 20; on the westerly side by lot 18; on the easterly side by Carnia road or street, and the same to be such width from north to south as is necessary to make the amount of land I am entitled to, and to be bounded on the northerly side by a line parallel to dividing line between lots 19 and 20; and I ask of you a warranty deed of said premises conveying a clear title, as per our agreement of January 10, A. D. 1893.
“C. E. Durkee.”
The complaint set forth the contract and demand, alleged performance on part of plaintiff, the failure of defendant to convey or cause to be conveyed the land, and prayed judgment for $487.80 and interest. The answer admitted the execution and delivery of the contract; denied selection of the land by a sufficient description; alleged that the contract was without consideration; that the land was the propery of The Ute Pass Land and Water Company; that defendant was acting solely as agent of said company; that the company and defendant were al-' ways able, ready and willing to convey the land, and that time was not of the essence of the contract. A replication put in issue the affirmative defenses of the answer. Trial was had before the court, a jury being waived. A number of witnesses testified, and documentary evidence was introduced — which trial resulted in a judgment for the plaintiff for $720.00, being the amount sued for, with interest. Defendant appeals.
The grounds upon which appellant urges a reversal of the judgment may be summarized under four heads.
*506 1. That the time limit within .which he-might have made the conveyance or caused the same to he made under the contract was January .10, 1894, and that within such time limit he tendered performance.
2. That the description contained in the demand hereinbefore set forth was too indefinite to form the basis of a deed.
3. That time was not of the essence of the contract.
4. That the money to be paid by the terms of the contract was in the nature of a penal obligation, the contract being collateral, and that plaintiff could only recover actual damages.
The language of the contract — “Said first- party hereby agrees to and with the said second party that he will convey or cause to be conveyed unto said second party within the year 1893 certain lots,” etc. — negatives the contention of appellant that he had until January 10, 1894, to make or cause to be made the conveyance. The above language is definite, certain, clear and unambiguous, and interprets itself. Nothing in the contract modifies, changes or renders the above language uncertain. The subsequent language, “one year from the date hereof,” fixes the time when the appellant shall “become personally indebted” in the sum of $487.80. To place any other construction or interpretation upon the written contract would be to make a contract for the parties different from that which they had made for themselves. The parties reduced their contract to writing, and it must be allowed to speak for itself.
The contention that the description of the land contained in the demand dated December 28, 1893, is not sufficiently definite to enable appellant to make a deed is not supported by. the law or the evidence.
“If a surveyor by applying the rules of surveying can locate the land, the description is sufficient: *507 And generally the rule may be stated to be that the 'deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed. ’ ’ — Devlin on Deeds, § 1012; Pennington v. Flock, 93 Ind. 378; Smiley v. Fries, 104 Ill. 416,
Mr. Reid, the surveyor of The Ute Pass Land and Water Company, testified that the description contained in the demand gave a definite and certain piece of ground off the south side of lot 19. The contract refers to “certain lots or parcels of land embraced within what is known as said Ute Pass Land and Water Company’s townsite,” and excepts from its operation certain lots by number, clearly indicating that the plats introduced in evidence were in existence at the time the contract was drawn, and such plats were in contemplation of the parties at the time the contract was executed. If the appellee was satisfied with the description contained in the demand, the appellant should have been.
This is not a case where one, the owner of land, agrees to make conveyance of the same to another, and upon failure so to do, pay a sum certain as liquidated damages or as a penalty, and therefore this case is clearly distinguishable from the authorities cited by counsel for appellant, in which the principles governing liquidated damages, penalties and forfeitures are discussed. In other words this is not an action to enforce specific performance' of a contract for the conveyance of land, but it is an action to enforce payment of a debt under the terms of a written contract payable in one of two .methods, the time for making payment by one method having expired, and therefore the above principles do not apply.
For the samé reasons, the question whether or not time was of the essence of the contract, is im *508 material. This is an original agreement based upon a sufficient consideration, to pay a valid subsisting indebtedness (secured by lien) in one of two ways: First, by the conveyance of land within a limited time, or, second, after the expiration of the time limit — by a payment in money. The fact that the debt was originally the debt of another does not alter the delations of the parties to the contract, or in any wise relieve the appellant of the obligations assumed by him. The primary and ultimate object .of the contract was the payment of the debt due appellee. By the terms of the contract appellant was given his election as to the manner in which the debt should be paid — in land within a specified time, after that, in money. He was given an opportunity to pay in land, which he declined; therefore the money became due. He has made his election, and must abide the consequences. If appellant had desired to relieve himself of the money payment, he might have tendered, so far as he could under the contract, the land payment at any time on or before December 31, 1893. Having failed to do this, and having failed to make the conveyance upon demand within the time limited, he became liable on the money demand, and that liability having attached, can be satisfied by a payment of money only, under the undisputed facts of this case.
In cases of this character much must be left to the judgment and sound discretion of the judge who hears the case, and where his determination is reasonably supported by the evidence and is consistent with the principles of law applicable, it should not be disturbed by the appellate court.- From a careful examination of the record in this case and a thorough examination of the authorities cited we are convinced that the judgment is amply supported by *509 the evidence, and is not inconsistent with the principles of law applicable.
The judgment is affirmed. Affirmed.