Pierce v. Coryn.

---

Nels Pierce et al., Defendants in Error, v. Edward Coryn, Administrator, et al., Plaintiffs in Error.

Gen. No. 4,889.

1. JUDICIAL NOTICE—*of what not taken.* Judicial notice will not be taken of matters not of common knowledge.

2. NEGOTIABLE INSTRUMENT—*when defense of failure of consideration not established. Held,* that the evidence in this case was incomplete and insufficient to establish the defense of a failure of consideration.

3. DECREE—*what not personal against administrator.* A decree providing that an administrator, defendant in a foreclosure proceeding, pay a specified amount within a designated time and that in default the mortgaged premises be sold, is not personal but merely directory as to the manner in which a sale may be avoided.

4. DEFICIENCY DECREE—*proceeding essential to render, against estate. Held,* in this case, that if there was a deficiency after sale upon foreclosure the court upon application for a deficiency decree should hear proofs and determine whether the state of the case was such as to entitle the complainant to a deficiency decree against the general estate of the deceased.

Foreclosure. Error to the Circuit Court of Rock Island County; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

W. R. MOORE, for plaintiffs in error.

J. B. & J. L. OAKLEAF and J. T. KENWORTHY, for defendants in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a suit brought by Nels Pierce and Gust S. Lundquist against Isedore Verhulst to foreclose a real estate mortgage given to secure two notes of $800 each, which notes were

a part of the consideration for the assignment by one. Lewis to Verhulst of a certain contract authorizing Lewis to cut and remove timber growing on certain other real estate. Said notes had been sold and indorsed by Lewis to Pierce and Lundquist. Verhulst died, and his administrator, Edward Coryn, and his heirs at law were substituted as defendants. This case was before this court in Pierce v. Coryn, 126 Ill. App., 244, where a decree in favor of the present defendants in error was reversed, and where the merits of the case were fully discussed and decided. The case was remanded for further proceedings in conformity with that opinion. We refer to that opinion for our view of the facts then existing and of the law applicable thereto. Thereafter the case went to a master, who took and reported the proofs with his conclusions, after overruling objections thereto. Complainants had a decree of foreclosure. Defendants below have sued out this writ of error to review said decree. The court below was concluded by our former decision, except so far as the additional evidence might require a different decree from that indicated in our former opinion. We consider ourselves also bound by our former decision.

The brief of plaintiffs in error now is practically a re-argument of the points covered by our former decision, and the only additional evidence is adverse to plaintiffs in error. At this last hearing before the master, Lewis was a witness. He testified that he executed the contract with Verhulst whereby he assigned to Verhulst the wood contract in question, and that he then turned over to Verhulst the possession of the property and the cut wood and the machinery described at length in our former opinion, including between three hundred and four hundred cords of wood cut in stove lengths and between twelve hundred and fourteen hundred cords of wood cut in tree lengths; and that Verhulst, while afterwards in possession under that contract, sold and disposed of all that cut wood and of about seven hundred cords besides. Plaintiffs are alleging a failure of the consideration of the two notes of $800 each, given as part of the consideration for the assignment of that wood contract by Lewis to

Verhulst. They made no attempt to prove the value of the wood so received by Verhulst nor the value of the machinery which Lewis turned over to Verhulst under that contract. We cannot take judicial knowledge of the value of this wood and the record does not disclose the value of the machinery. We cannot know but that the value of the wood and of the machinery and of the good will of the business, which was also transferred to Verhulst, exceeded in value the consideration of $2,500 which Verhulst agreed to pay, of which consideration the two notes in question of $800 each are a part. Therefore the defense of a failure of consideration has not been made out.

The decree found and adjudged that the equities were with the complainants; that there was due from the administrator to complainants $3,037.32 for principal and interest and $500 for a reasonable attorney's fee, making a total of $3,537.32, and that said administrator pay said sum to complainants within ten days, and directed that if default in payment was made by defendants or any of them, then the mortgaged premises be sold to satisfy the decree. This is not a personal decree, as suggested in the argument of plaintiffs in error. It is really an alternative decree, and merely points out how a sale of the property may be avoided by payment. Gochenour v. Mowry, 33 Ill., 331; Glover v. Benjamin, 73 Ill., 42; Kirby v. Runals, 140 Ill., 289, 298; Roberts v. Flatt, 142 Ill., 485; Bumgartner v. Hall, 163 Ill., 136. If there shall be a deficiency, after sale, and if defendants in error shall ask for a deficiency decree against the administrator to be paid in due course of administration, then it will be the duty of the court to hear proofs and determine whether the state of the case is such that they are entitled to a decree against the general estate of deceased.

As already stated, the argument of plaintiffs in error mainly relates to the matters determined by our former decision. There are, however, some other errors assigned which are not argued and are therefore waived.

For the reasons stated the decree is affirmed.

*Affirmed.*